Wooster Iron & Metal Co., Appellant, *v.* Whitman, Appellee.

(No. 73AP-255—Decided September 25, 1973.)

2

*Messrs. Critchfield, Critchfield, Critchfield & Johnston,* *Mr. Walter C. Grosjean* of counsel, and *Messrs. Wright,* *Harlor, Morris & Arnold, Mr. Thomas E. Cavendish* of counsel, for appellant.

*Mr. William J. Brown,* Attorney General, and *Mr. Robert L. Brubaker,* for appellee.

*Per Curiam.* Appellant, Wooster Iron & Metal Company, has filed a motion seeking a stay of execution of an order of the environmental board of review from which this appeal is taken pursuant to the Ohio Rules of Appellate Procedure and R. C. 3745.06.

If the appellate rules were applicable, App. R. 7 would require that this relief be sought from the "trial court" and denied prior to the seeking of a stay, pending appeal, from this court. However, App. R. 1 specifically provides the appeals to which the appellate rules apply and reads as follows:

"These rules govern procedure in appeals from the trial courts of record in Ohio.

"Procedure in appeals to courts of appeals from the board of tax appeals shall be as provided by law, except that Rule 13 through Rule 33 herein shall be applicable to such appeals."

Accordingly, the appellate rules are limited in application to appeals from trial courts of record and do not apply to administrative appeals directly to the court of appeals except that Rule 13 through Rule 33 do apply to appeals from the board of tax appeals.

The environmental board of review is an administrative agency created by R. C. 3745.02. Since it is not a trial court of record, the appellate rules do not apply to appeals from that board to the court of appeals pursuant to R. C. 3745.06. Rather, that section controls appeals to the court of appeals from the environmental board of review. R. C. 3745.06 provides in this regard that:

"* * * The filing of a notice of appeal shall not automatically operate as a suspension of the order of the board. If it appears to the court that an unjust hardship to the

appellant will result from the execution of the board's order pending determination of the appeal, the court may grant a suspension of the order and fix its terms. * * *''

The appellant has filed affidavits in support of its contention that unjust hardship will result from an execution of the board's order pending determination of this appeal. The appellee has filed nothing opposing the granting of a stay of execution.

In view of the fact that this appeal is scheduled for oral argument on the merits on November 8, 1973, and in view of the statements in the affidavits filed by appellant *which have not been contested by appellee*, the court finds that unjust hardship will result to appellant from an execution of the board's order prior to the determination of this appeal. The motion is sustained, and the stay of execution is granted.

*Motion sustained*

WHITESIDE, STRAUSBAUGH and REILLY, JJ., concur.