THE STATE, EX REL. LABATTE, *v.* BAYNES, JUDGE.

(No. 83AP-875—Decided December 27, 1983.)

*Mr. Larry A. Weiser,* for relator.
*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. David E. Northrop,* for respondent Gerald A. Baynes.

WHITESIDE, P.J. By this original action in mandamus, relator Vincent LaBatte seeks a writ ordering Judge Baynes of the Court of Claims to vacate his decision reversing an order of a three-commissioner panel allowing relator's claim for reparations as a victim of crime under R.C. 2743.51 *et seq.,* on the ground that the court should have *sua sponte* dismissed the state's appeal from the panel's decision for failure to set forth an assignment of error in its brief, as mandatorily required by the Ohio Rules of Appellate Procedure and the local appellate rules.

Respondent Baynes asserts that the general and local Rules of Appellate Procedure are inapplicable in the Court of Claims sitting as an appellate tribunal in

crime victim's cases and that, even if applicable, dismissal for failure to file assignments of error is discretionary and not subject to disturbance in mandamus. Respondent, therefore, moves for dismissal of this action pursuant to Civ. R. 12(B)(6) for failure to state a claim upon which relief can be granted.

The Appellate Rules are clearly inapplicable to an appeal from a three-commissioner panel to the Court of Claims because, by the express language of App. R. 1, they apply only to appeals "to courts of appeals from the trial courts of record." *State, ex rel. Pajestka,* v. *Faulhaber* (1977), 50 Ohio St. 2d 41 [4 O.O.3d 113]; *Wooster Iron & Metal Co.* v. *Whitman* (1973), 37 Ohio App. 2d 1 [66 O.O.2d 11].

Rather, R.C. 2743.61 confers a substantive right of appeal in such a case and governs practice and procedure therein. R.C. 2743.61(B) states that notices of appeal concerning an award of reparations shall be filed within thirty days of the award or denial of a claim by the commissioners; otherwise, the award or denial of the claim is final unless the Court of Claims in the interest of justice allows the appeal. Pursuant to R.C. 2743.61(A), the Court of Claims is to hear and determine the appeal "* * * on the basis of the record of the hearing before the commissioners, including the original award or denial made by a single commissioner, the finding of fact and recommendation of the Attorney General, any information or documents that the Attorney General used in his investigation, and *any briefs or oral arguments that may be requested by the court.*" (Emphasis added.) R.C. 2743.53(B) further provides that the court may order law enforcement officers to provide it with copies of any information or data gathered in the investigation of the criminally injurious conduct.

It is apparent, then, that the party appealing a decision of the commissioners concerning an award of reparations is not even required by R.C. Chapter 2743 to file a brief with the Court of Claims, much less assign particular errors of law; and, the Court of Claims may consider those errors in the record which it discovers.

This conclusion is consistent with R.C. 2505.21 which provides that an appellate court "* * * may consider and decide errors which are not assigned or specified," and, although not applicable, it is also consistent with App. R. 12(A) which provides that "* * * [e]rrors not specifically pointed out in the record and separately argued by brief *may* be disregarded." (Emphasis added.) *Matthews* v. *Matthews* (1981), 5 Ohio App. 3d 140, 146; *Garrison Carpet Mills* v. *Lenest, Inc.* (1979), 65 Ohio App. 2d 251 [19 O.O.3d 208]; *State* v. *Eddington* (1976), 52 Ohio App. 2d 312, 313 [6 O.O.3d 317]; *C. Miller Chevrolet* v. *Willoughby Hills* (1974), 38 Ohio St. 2d 298, 301 [67 O.O.2d 358]. The Supreme Court noted in *C. Miller Chevrolet,* at footnote 3:

"In fairness to the parties, a Court of Appeals which contemplates a decision upon an issue not briefed should, as the Court of Appeals in this case did, give the parties notice of its intention and an opportunity to brief the issue."

Relator has not, however, advanced any argument in opposition to the motion to dismiss except that the respondent had no jurisdiction to, and abused his discretion by, considering error not specifically raised by the parties to the appeal.

Respondent's motion to dismiss is sustained, and relator's complaint and this action are dismissed.

*Motion to dismiss sustained.*

REILLY and McCORMAC, JJ., concur.