OPINION
{¶ 1} Frank Drago is contesting the dismissal of his R.C. 119 appeal in the common pleas court. He assigns two errors for our consideration:
 I. APPELLANT COMPLIED WITH THE SELF-REPORTING REQUIREMENT OF OAC 5123:2-9-13(E)(1).
 II. APPELLEE DID NOT CONFORM WITH O.R.C. § 119.09
WHEN IT FAILED TO ADVISE APPELLANT OF THE METHOD TO PERFECT HIS APPEAL. *Page 2 
 {¶ 2} The Supreme Court of Ohio has mandated strict compliance with the statutory requirements for initiating an appeal under R.C. 119. In paragraph two of the syllabus for Hughes v. Ohio Dept. of Commerce,114 Ohio St.3d 47, 2007-Ohio-2877, the court required:
 A party aggrieved by an administrative agency's order must file the original notice of appeal with the agency and a copy with the court of common pleas. R.C. 119.12.
 {¶ 3} When the appeal was initiated on behalf of Frank Drago, the original notice of appeal was filed with the common pleas court, not the Ohio Department of Mental Retardation and Developmental Disabilities ("ODMRDD"). Thus, the trial court was within its discretion to dismiss the appeal for lack of jurisdiction unless some valid reason is demonstrated for the failure to comply with R.C. 119.12.
 {¶ 4} The first assignment of error does not address the jurisdictional problem. Because the trial court ruled it had no jurisdiction, it did not address the merits of the administrative appeal.
 {¶ 5} The second assignment of error could be construed as arguing that ODMRDD did not comply with R.C. Chapter 119 and therefore the defect in filing the R.C. Chapter 119 appeal on behalf of appellant should be excused. We must entertain the merits of that argument.
 {¶ 6} The first paragraph of the syllabus to the Hughes case reads:
 An administrative agency must strictly comply with the procedural requirements of R.C. 119.09
for serving the final order of adjudication upon the party affected by it before the 15-day appeal period prescribed in R.C. 119.12 commences. (R.C. 119.09; Sun Refining Marketing Co. v. Brennan (1987), 31 Ohio St.3d 306, 31 OBR 584, 511 N.E.2d 112, followed.) *Page 3 
 {¶ 7} R.C. 119.09 states in pertinent part:
 After such order is entered on its journal, the agency shall serve by certified mail, return receipt requested, upon the party affected thereby, a certified copy of the order and a statement of the time and method by which an appeal may be perfected. A copy of such order shall be mailed to the attorneys or other representatives of record representing the party.
 {¶ 8} The Supreme Court of Ohio correctly quotes the statute in ¶ 13 of the Hughes opinion, and then states:
 R.C. 119.09 requires an agency to serve, by certified mail, return receipt requested, a certified copy of the order upon the affected party. The order must include a statement of the time for appeal and the method for perfecting an appeal. Hughes contends that the agency failed to send her a certified copy of its decision and also failed to inform her of the correct method for perfecting an appeal because it did not state that R.C. 119.12 requires the original notice of appeal to be filed with the agency. Certification of the administrative order and the content of the notice of appeal rights are two separate issues.
 {¶ 9} Appellant relies heavily on the language of Hughes stating that "[t]he order must include a statement of the time for appeal and the method for perfecting an appeal." Id. While not contending the language in appellee's notice is deficient under R.C. 119.09, appellant asserts appellee failed to comply with R.C. 119.09 because the notice was not contained in the order, but in a separate cover letter. The Supreme Court's statement, however, was made in the context of a case where the agency purported to comply with R.C. 119.09 by including the notice within the order. Accordingly, the Supreme Court determined that the order must comply with R.C. 119.09. Nothing in the opinion, however, suggests that in all cases compliance with R.C. 119.09 must be obtained through language included within the order. *Page 4 
 {¶ 10} We interpret the central holding of the Hughes case to mean that the statutory framework must be strictly followed. We, therefore, find that the trial court was correct in the dismissal of this appeal because counsel for Frank Drago did not file the original documents initiating the appeal with ODMRDD and ODMRDD issued the order in compliance with R.C. 119.09 by providing a notice setting forth the information about initiating an appeal in a separate statement along with a certified copy of the order. The second assignment of error is overruled.
 {¶ 11} Since the second assignment of error which is jurisdictional is overruled, the first assignment of error dealing with the merits is moot. We, therefore, affirm the judgment of the Franklin County Court of Common Pleas in dismissing Frank Drago's appeal.
Judgment affirmed.
 McGRATH, P.J., and BRYANT, J., concur. *Page 1