OHIO FRESH EGGS, L.L.C., Appellant,

v.

BOGGS, Dir., Ohio Department of Agriculture, Appellee.

[Cite as *Ohio Fresh Eggs, L.L.C., v. Boggs,* 183 Ohio App.3d 511, 2009-Ohio-3551.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 08AP–929.

Decided July 21, 2009.

Keating Muething & Klemkamp, P.L.L., Brian M. Babb, Daniel E. Izenson, and David A. Meyer, for appellant.

Richard A. Cordray, Attorney General, and L. Scott Helkoski, Margaret A. Malone, and Aaron S. Farmer, Assistant Attorneys General, for appellee.

CONNOR, Judge.

{¶ 1} Appellant, Ohio Fresh Eggs, L.L.C., appeals from an order of the Environmental Review Appeals Commission ("ERAC"), which granted appellee Robert J. Boggs, Director of Ohio Department of Agriculture's ("ODA") motion to dismiss/motion for summary judgment[1] and dismissed Ohio Fresh Eggs' appeal of the ODA hearing officer's October 30, 2007 order denying Ohio Fresh Eggs' request for an award of attorney fees pursuant to R.C. 119.092. For the reasons that follow, which are different from the reasons given by ERAC, we affirm.

{¶ 2} On September 28, 2007, Ohio Fresh Eggs filed a motion with the ODA seeking an award of attorney fees pursuant to R.C. 119.092. Ohio Fresh Eggs' motion for attorney fees arises out of an adjudication hearing held in June 2006, following a notice issued by ODA proposing to revoke Ohio Fresh Eggs' permits to install and permits to operate with respect to its commercial egg-production business. Following that adjudicatory hearing, the hearing officer for ODA issued a report and recommendation finding that Ohio Fresh Eggs' permit applications were false or misleading and therefore violated ODA rules and statutes. Based on the hearing officer's report and recommendations, ODA revoked all 16 of Ohio Fresh Eggs' permits. Ohio Fresh Eggs appealed the order to ERAC.

{¶ 3} On August 23, 2007, ERAC vacated the ODA's order. ERAC determined that ODA's finding that the permit applications contained false or misleading information, based upon ODA's determination that Ohio Fresh Eggs' confidential investor should have been disclosed as someone with a right to control manage-

---

1. ERAC converted ODA's motion to dismiss into a motion for summary judgment.

ment, was unsupported by relevant testimony and evidence. ERAC further determined that ODA's order was in conflict with the overwhelming evidence found in the record of the adjudication hearing. Therefore, ERAC concluded that ODA's permit revocation was not in accord with reason and was therefore unreasonable.

{¶ 4} ODA appealed ERAC's order to this court. ERAC's decision was affirmed on May 20, 2008. *Ohio Fresh Eggs, L.L.C. v. Wise,* 10th Dist. No. 07AP–780, 2008-Ohio-2423, 2008 WL 2122342.

{¶ 5} Ohio Fresh Eggs filed its motion for attorney fees with ODA within 30 days of ERAC's order vacating ODA's revocation of Ohio Fresh Eggs' permits to install and permits to operate. Ohio Fresh Eggs filed its motion seeking an award "as the prevailing eligible party under Ohio Revised Code 119.092." The hearing officer for ODA denied Ohio Fresh Eggs' request for an award of attorney fees, finding that Ohio Fresh Eggs was not a "prevailing eligible party" under R.C. 119.092, and therefore, was not entitled to an award. Furthermore, the hearing officer determined that Ohio Fresh Eggs' motion was not filed within 30 days of ODA's entering its order into its journal and that ODA's position in initiating the permit revocation was substantially justified, thereby making an award inappropriate.

{¶ 6} Ohio Fresh Eggs appealed the hearing officer's decision to ERAC. ODA filed a motion to dismiss the appeal, which ERAC converted to a motion for summary judgment. After finding that it did have subject-matter jurisdiction to hear the appeal regarding the denial of attorney fees, ERAC determined that Ohio Fresh Eggs was not a prevailing eligible party as defined in R.C. 119.092, because it was not successful at the adjudication hearing level. Therefore, ERAC found the ODA hearing officer's determination to be both lawful and reasonable. As a result, ERAC granted ODA's motion to dismiss the appeal.

{¶ 7} Ohio Fresh Eggs now appeals to this court and assigns the following errors:

1. The Environmental Review Appeals Commission ("ERAC") erred in affirming the Ohio Department of Agriculture's ("ODA") denial of Ohio Fresh Eggs, LLC's ("OFE") Motion for Attorneys' Fees arising out of ODA's unreasonable permit revocation action against OFE.

2. ERAC erred in affirming the ODA's denial of OFE's Motion for Attorneys' Fees which violated OFE's due process and equal protection rights under the Ohio Constitution and United States Constitution.

3. ERAC erred by converting ODA's Motion to Dismiss to a Motion for Summary Judgment because it deprived OFE of its right to prosecute its

appeal pursuant to ERAC's rules and to a de novo hearing as required by R.C. §§ 119.092 and 3745.05.

{¶ 8} We begin by addressing Ohio Fresh Eggs' first assignment of error, in which it argues that ERAC erred in dismissing its appeal and affirming the ODA's denial of its motion for attorney fees arising out of the permit-revocation action. Ohio Fresh Eggs contends that ODA's denial of its motion for attorney fees was unreasonable, unlawful, and an abuse of discretion because Ohio Fresh Eggs ultimately prevailed in challenging ODA's order revoking its permits. Ohio Fresh Eggs argues, inter alia, that it was the prevailing party; the hearing officer's determination was in conflict with the previous findings of ERAC; the hearing officer relied on his admitted bias in determining that ODA's initiation of the underlying action was substantially justified; and it timely filed its motion for an award of attorney fees. Ohio Fresh Eggs further argues that ERAC's decision to dismiss its motion for attorney fees and to uphold ODA's denial of the motion was not supported by reliable, probative, and substantial evidence and was not in accordance with the law.

{¶ 9} We agree that ERAC erred in affirming ODA's denial of the motion for attorney fees. However, our reason for finding error is not due to any of the errors alleged by Ohio Fresh Eggs, but because we find ERAC did not possess the required subject-matter jurisdiction to hear the appeal.

{¶ 10} ERAC is an administrative agency. *Wooster Iron & Metal Co. v. Whitman* (1973), 37 Ohio App.2d 1, 66 O.O.2d 11, 305 N.E.2d 812, syllabus.[2] It is created by R.C. 3745.02 and therefore its power and authority have been conferred upon it by this statute. An administrative agency has no authority beyond the authority given to it by statute. *State ex rel. Lucas Cty. Bd. of Commrs. v. Ohio Environmental Protection Agency*, 88 Ohio St.3d 166, 171, 2000-Ohio-282, 724 N.E.2d 411.

{¶ 11} Ohio follows the "American rule" with respect to attorney fees. Under this rule, each party pays his or her own attorneys' fees under most circumstances. However, there are exceptions to this rule, which include the following: contractual provisions between parties that shift the costs of defending; circumstances where there has been a finding of bad faith; and statutory provisions which specifically provide that a prevailing party may recover attorney fees. *McConnell v. Hunt Sports Ent.* (1999), 132 Ohio App.3d 657, 699, 725 N.E.2d 1193. Ohio Fresh Eggs brings its action requesting attorney fees under

---

2.  ERAC was formerly known as the Environmental Board of Review, which was also created under R.C. 3745.02. As of December 2, 1996, the Environmental Board of Review became known as the ERAC.

R.C. 119.092, which governs attorney fees under R.C. Chapter 119. It also defines the corresponding appellate rights. R.C. 119.092(B)(3) reads as follows:

For purposes of this section, decisions by referees or examiners upon motions are final and are not subject to review and approval by an agency. These decisions constitute final determinations of the agency for purposes of appeals under division (C) of this section.

{¶ 12} R.C. 119.092(C) states:

A prevailing eligible party that files a motion for an award of compensation for fees under this section and that is denied an award or receives a reduced award may appeal the determination of the referee, examiner, or agency *to the same court, as determined under section 119.12 of the Revised Code, as the party could have appealed the adjudication order of the agency had the party been adversely affected by it.* An agency may appeal the grant of an award to this same *court* if a referee or examiner made the final determination pursuant to division (B)(3) of this section. Notices of appeal shall be filed in the manner and within the period specified in section 119.12 of the Revised Code.

Upon the filing of an appeal under this division, the agency shall prepare and certify *to the court involved* a complete record of the case, and the *court* shall conduct a hearing on the appeal. The agency and the *court* shall do so in accordance with the procedures established in section 119.12 of the Revised Code for appeals pursuant to that section, unless otherwise provided in this division.

The *court* hearing an appeal under this division may modify the determination of the referee, examiner, or agency with respect to the motion for compensation for fees only if the *court* finds that the failure to grant an award, or the calculations of the amount of an award, involved an abuse of discretion. The *judgment of the court is final* and not appealable, and a copy of it shall be certified to the agency involved and the prevailing eligible party.

(Emphasis added.)

{¶ 13} R.C. 119.12 provides as follows:

Any party adversely affected by any order of an agency issued pursuant to an adjudication denying an applicant admission to an examination, or denying the issuance or renewal of a license or registration of a licensee, or revoking or suspending a license, or allowing the payment of a forfeiture * * * may appeal from the order of the agency to the court of common pleas of the county in which the place of business of the licensee is located or the county in which the licensee is a resident * * *. If any party appealing from the order is not a resident of and has no place of business in this state, the party may appeal to the court of common pleas of Franklin county.

Any party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the court of common pleas of Franklin county * * *.

{¶ 14} The underlying action involving the revocation of Ohio Fresh Eggs' permits was governed by the procedures set forth in R.C. 903.09. Specifically, R.C. 903.09(F) reads:

The denial, modification, suspension, or revocation of a permit to install, permit to operate, or NPDES permit without the consent of the applicant or permittee shall be preceded by a proposed action stating the director's intention to issue an order with respect to the permit and the reasons for it.
* * *

The director shall not issue an order that makes the proposed action final until the applicant or permittee has had an opportunity for an adjudication hearing in accordance with Chapter 119. of the Revised Code, except that section 119.12 of the Revised Code does not apply. An order of the director that finalizes the proposed action or an order issuing a permit without a prior proposed action may be appealed to the environmental review appeals commission under sections 3745.04 to 3745.06 of the Revised Code.

{¶ 15} Although R.C. 903.09(F) states that final orders from the director of agriculture involving the denial, modification, suspension or revocation of a permit to install, permit to operate, or NPDES permit are appealable to ERAC pursuant to R.C. 3745.04 to 3745.06, it makes no mention of the right to appeal to ERAC issues involving attorney fees arising out of an underlying permit action.

{¶ 16} In taking a look at ERAC's jurisdictional analysis, it is clear that ERAC found R.C. 119.092(C) and 119.12 to be inconsistent with one another. ERAC noted that under R.C. 119.092(C), appeals arising from a denial of a request for attorney fees may be brought "to the same court, as determined under section 119.12 of the Revised Code, as the party could have appealed the adjudication order of the agency," while it also noted that R.C. 119.12 identified the proper venue for these appeals as the courts of common pleas. ERAC pointed out that it possessed exclusive, original jurisdiction over any appeal of the underlying adjudication order referenced in R.C. 119.092, yet acknowledged that it is neither a "court of common pleas" as referenced in R.C. 119.12, nor a "court" as referenced in R.C. 119.092.

{¶ 17} Using rules of statutory construction, ERAC determined that the later enacted and more specific statutory procedure set forth under R.C. 903.09(F), which states that R.C. 119.12 is inapplicable to adjudication hearings held under that section, should trump the directives set forth under R.C. 119.12. ERAC found that R.C. 119.092(C) set forth a legislative intent that "appeals of determi-

nations on motions for attorneys' fees be considered by the same tribunal that would have heard an appeal of the order underlying the motion." Therefore, despite recognizing that it is not a court and that it does not possess explicit statutory authority to award attorney fees, ERAC determined that it had subject-matter jurisdiction to hear the instant appeal. However, ERAC's analysis is flawed and fails to follow applicable law and rules of statutory construction.

{¶ 18} An administrative agency can exercise only those powers that are expressly conferred upon it by the Ohio General Assembly. *Shell v. Ohio Veterinary Med. Licensing Bd.*, 105 Ohio St.3d 420, 2005-Ohio-2423, 827 N.E.2d 766, ¶ 32. "[A]uthority that is conferred upon an administrative agency by the General Assembly cannot be extended by the agency." *Burger Brewing Co. v. Thomas* (1975), 42 Ohio St.2d 377, 379, 71 O.O.2d 366, 329 N.E.2d 693.

{¶ 19} In construing a grant of administrative power from a legislative body, the intention of that grant of power, as well as the extent of the grant, must be clear, and, if there is doubt, that doubt must be resolved against the grant of power. *D.A.B.E. v. Toledo–Lucas Cty. Bd. of Health*, 96 Ohio St.3d 250, 2002-Ohio-4172, 773 N.E.2d 536, ¶ 40.

{¶ 20} In addition, where jurisdiction is dependent upon a statutory grant, courts are without authority to create jurisdiction when the statutory language does not. Only the General Assembly can do that. *Waltco Truck Equip. Co. v. Tallmadge Bd. of Zoning Appeals* (1988), 40 Ohio St.3d 41, 43, 531 N.E.2d 685.

{¶ 21} "A basic rule of statutory construction requires that 'words in statutes should not be construed to be redundant, nor should any words be ignored.'" *D.A.B.E.* at ¶ 26, quoting *E. Ohio Gas Co. v. Pub. Util. Comm.* (1988), 39 Ohio St.3d, 295, 299, 530 N.E.2d 875.

{¶ 22} Furthermore, statutory language "'must be construed as a whole and given such interpretation as will give effect to every word and clause in it.'" *D.A.B.E.* at ¶ 26, quoting *State ex rel. Myers v. Spencer Twp. Rural School Dist. Bd. of Edn.* (1917), 95 Ohio St. 367, 372–373, 116 N.E. 516.

{¶ 23} Although administrative agencies may exercise quasijudicial powers and may have some of the attributes of a court, they are not courts, and under the Ohio Constitution, they cannot be considered as such. *Application of Milton Hardware Co.* (1969), 19 Ohio App.2d 157, 160, 48 O.O.2d 266, 250 N.E.2d 262.

{¶ 24} In order to endorse ERAC's determination that it possesses jurisdiction over this appeal, we would be required to broadly interpret R.C. 119.092. However, the Ohio Supreme Court has determined that it is "fundamental that when the right to appeal is conferred by statute, the appeal can be perfected only

in the mode prescribed by statute." *Ramsdell v. Ohio Civ. Rights Comm.* (1990), 56 Ohio St.3d 24, 27, 563 N.E.2d 285, citing *Zier v. Bur. of Unemployment Comp.* (1949), 151 Ohio St. 123, 38 O.O. 573, 84 N.E.2d 746. Moreover, courts have repeatedly required strict statutory compliance with respect to perfecting appeals under R.C. Chapter 119. *Harrison v. Ohio State Med. Bd.* (1995), 103 Ohio App.3d 317, 659 N.E.2d 368 (where a statute provides for a right of appeal, there must be strict adherence to the statutory conditions); see also *Hughes v. Ohio Dept. of Commerce,* 114 Ohio St.3d 47, 2007-Ohio-2877, 868 N.E.2d 246; and *Drago v. Ohio Dept. of Mental Retardation & Developmental Disabilities,* 10th Dist. No. 07AP–838, 2008-Ohio-768, 2008 WL 500908.

▆ {¶ 25} Furthermore, in order to uphold jurisdiction under ERAC's analysis, we would need to ignore the word "court" or substitute the word "tribunal" for the word "court" multiple times throughout R.C. 119.092(C) and ignore the directive set forth in R.C. 119.12 stating that the proper venue is the various courts of common pleas, and thereby create jurisdiction where the statutory language does not. This we cannot do. In interpreting a statute, courts can neither ignore the plain language of the statute, nor insert words or phrases into the statute that have not been placed there by the General Assembly. *State v. Craig,* 116 Ohio St.3d 135, 2007-Ohio-5752, 876 N.E.2d 957, ¶ 14.

{¶ 26} ERAC is not a court of common pleas or even simply a court. Instead, ERAC is an administrative body that has only those powers that are conferred upon it by statute. ERAC has no inherent authority. The laws of statutory construction simply do not permit us to overlook the use of the word "court" multiple times throughout R.C. 119.092. In addition, the laws of statutory construction also prohibit us from substituting the word "tribunal" for "court" or from inserting the phrase "or tribunal" into those same provisions. Furthermore, we cannot ignore the language in R.C. 119.092 directing these types of appeals to the same "court" to which the party could have appealed the adjudication order of the agency when the statute specifies that "court" is determined under R.C. 119.12, which therein establishes one of the common pleas courts as the appropriate venue. There is, quite simply, no jurisdictional authority here for ERAC to review an appeal of the denial of attorney fees.

{¶ 27} Contrary to Ohio Fresh Eggs' assertion that R.C. 903.09(F) gives ERAC general authority to review actions of the ODA, there is nothing in that provision that permits this. R.C. 903.09 permits an appeal to ERAC to review the ODA's actions regarding the administrative process for considering licensing and permit applications. There is nothing within R.C. 903.09 that expressly provides ERAC with the general authority to review any action of ODA, nor is there anything

within R.C. 903.09 that gives ERAC express authority to review appeals on motions involving attorney fees arising out of an underlying permit action.

{¶ 28} As previously stated, authority that is conferred by the General Assembly cannot be extended by an administrative agency. *Burger Brewing Co.,* 42 Ohio St.2d at 379, 71 O.O.2d 366, 329 N.E.2d 693. A grant of such statutory power may be express or implied, but the implied power is limited to that which is reasonably necessary to make the express power effective. " 'In short, the implied power is only incidental or ancillary to an express power, and, if there be no express grant, it follows, as a matter of course, that there can be no implied grant.' " *D.A.B.E.,* 96 Ohio St.3d 250, 2002-Ohio-4172, 773 N.E.2d 536, at ¶ 39, quoting *A. Bentley & Sons Co. v. Pierce* (1917), 96 Ohio St. 44, 47, 117 N.E. 6.

{¶ 29} In construing a grant of administrative power from a legislative body, the intention of that grant of power, as well as the extent of the grant, must be clear and if there is doubt, that doubt must be resolved against the grant of power. *D.A.B.E.* at ¶ 40, quoting *A. Bentley* at 47, 117 N.E. 6.

{¶ 30} There is no express provision within R.C. 903.09 that provides ERAC with the general authority to review all actions of ODA or to review all actions arising from an underlying action that has already been heard by ERAC. Additionally, R.C. 903.09 does not expressly provide ERAC with the authority to review ODA's denial of attorney fees. Therefore, it follows that there is no implied power that would permit ERAC to hear this appeal either.

{¶ 31} Because Ohio Fresh Eggs has brought this action pursuant to its request for attorney fees under R.C. 119.092, the process here is controlled by R.C. 119.092. Although R.C. 3745.04 provides ERAC with exclusive, original jurisdiction over any matter that may, under that section, be brought before it, this matter was brought pursuant to R.C. 119.092. As a result, ERAC does not have exclusive, original jurisdiction.

{¶ 32} We acknowledge that the end result in this type of action would appear to be inequitable, given that R.C. 119.092 does not establish a means for appealing an order denying attorney fees when the tribunal that heard the appeal in the underlying action is not a court and is not subject to the provisions of R.C. 119.12. However, unless or until the legislature amends the statute to allow appeals from orders denying attorney fees under these types of circumstances, Ohio Fresh Eggs' remedy for overcoming that inequity would have been to file a writ of mandamus with the court of common pleas

{¶ 33} We find that ERAC did not have jurisdiction to hear this appeal, and therefore, ERAC's order was not in accordance with the law. However, because we find that ERAC lacked jurisdiction to hear this appeal, we affirm ERAC's dismissal of Ohio Fresh Eggs' appeal, albeit on different grounds than those found by ERAC. Therefore, Ohio Fresh Eggs' first assignment of error is

overruled. Our finding of a lack of subject-matter jurisdiction renders Ohio Fresh Eggs' second and third assignments of error moot.

Order affirmed.

KLATT, J., concurs.

FRENCH, P.J., concurs separately.

FRENCH, Presiding Judge, concurring separately.

{¶ 34} I agree with the majority's conclusion that ERAC lacked jurisdiction to consider Ohio Fresh Eggs' appeal from ODA's denial of its motion for attorney fees. I write separately, however, because I reach that conclusion by way of a different analysis.

{¶ 35} The agency action underlying this appeal was an order issued by ODA that revoked Ohio Fresh Eggs' permits to install and operate relating to its egg-production business. R.C. 903.09(F) allows the director of ODA to revoke permits to install or operate without the permittee or owner's consent only if the director precedes the revocation with a proposed action stating the director's intention, provides certain notices, allows comments, and, in some circumstances, holds a public hearing. R.C. 903.09(F) also precludes the director from issuing an order that makes the proposed action final until the permittee "has had an opportunity for an adjudication hearing in accordance with" R.C. Chapter 119, except that R.C. 119.12, which governs appeals from Chapter 119 hearings, "does not apply." Instead, an order that finalizes a proposed revocation may be appealed to ERAC under R.C. 3745.04 to 3745.06.

{¶ 36} R.C. Chapter 119 sets out the process by which a state agency may promulgate rules, issue orders, and hold hearings. Important for our purposes, R.C. 119.06 through 119.13 relate to adjudication hearings.

{¶ 37} R.C. 119.092(B)(1) provides that, except in a few situations not relevant to this appeal, "if an agency conducts an adjudication hearing under this chapter, the prevailing eligible party is entitled, upon filing a motion in accordance with this division, to compensation for fees incurred by that party in connection with the hearing." While the parties dispute whether Ohio Fresh Eggs is a "prevailing eligible party" for purposes of this section, no one disputes that the process for obtaining fees under R.C. 119.092 is open to parties in an adjudication hearing held pursuant to R.C. 903.09. In other words, no one disputes that the "opportunity for an adjudication hearing" granted in R.C. 903.09(F) includes the opportunity to ask for attorney fees under R.C. 119.092 if the conditions of that section are met. The question is whether a party may appeal from a denial (or reduction) of that request and, if so, to what entity.

{¶ 38} R.C. 119.092(C) provides that a party denied fees or granted reduced fees may appeal that determination "to the same court," as determined by R.C.

119.12, "as the party could have appealed the adjudication order of the agency had the party been adversely affected by it." Appeals taken pursuant to R.C. 119.092(C) then proceed before the "court" in accordance with the procedures set out in R.C. 119.12. In my view, consideration of whether ERAC is a "court" for these purposes is unnecessary for determining whether ERAC had jurisdiction over Ohio Fresh Eggs' appeal. Instead, we need only look to R.C. 903.09(F) to resolve this question.

{¶ 39} R.C. 903.09(F) expressly states that, while a permittee is entitled to an adjudication hearing under R.C. Chapter 119, R.C. 119.12 "does not apply." Therefore, a permittee has no right of appeal under R.C. 119.12, and R.C. 119.092(C) cannot resurrect one. Nor does a right of appeal arise from any other source.

{¶ 40} First, R.C. 903.09(F) grants to a permittee a right to appeal only "[a]n order of the director that finalizes the proposed action or an order issuing a permit without a prior proposed action." It does not grant a right to appeal an order denying attorney fees under R.C. 119.092.

{¶ 41} Second, R.C. 3745.04(E) grants to ERAC jurisdiction to hear appeals from actions of the director of ODA, but only "with respect to actions that are appealable to the commission under" R.C. Chapter 903, including permit-revocation orders under R.C. 903.09(F). R.C. 3745.04 does not grant, nor does any other section grant, to ERAC jurisdiction to hear appeals from other actions of the director of ODA, including orders denying attorney fees under R.C. 119.092.

{¶ 42} For these reasons, I agree with the majority's conclusion that ERAC lacked jurisdiction to hear this appeal, and I would affirm ERAC's dismissal of Ohio Fresh Eggs' appeal.