[Cite as *JBK Ventures, Inc. v. Ohio Dept. of Pub. Safety*, 2021-Ohio-2046.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

JBK Ventures, Inc.,                              :
d.b.a. Headies Hideout,

                                                 :           No. 20AP-184
              Plaintiff-Appellant,                          (C.P.C. No. 19CV-9846)

                                                 :
v.                                                         (REGULAR CALENDAR)

                                                 :
Ohio Department of Public Safety,

                                                 :
              Defendant-Appellee.

                                                 :

---

D E C I S I O N

Rendered on June 17, 2021

---

**On brief:** *Ronald B. Noga*, for appellant. **Argued:** *Ronald B. Noga.*

**On brief:** *Dave Yost*, Attorney General, and *Joseph E. Schmansky*, for appellee. **Argued:** *Joseph E. Schmansky.*

---

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant, JBK Ventures, Inc., d.b.a. Headies Hideout ("JBK Ventures"), appeals from a judgment of the Franklin County Court of Common Pleas granting the motion to dismiss filed by defendant-appellee, Ohio Department of Public Safety ("ODPS"). For the following reasons, we affirm.

## I. Factual and Procedural Background

{¶ 2} R.C. 2927.02 prohibits the "illegal distribution of cigarettes [or] other tobacco products." Effective October 17, 2019, the Ohio General Assembly amended this statute to raise the minimum legal smoking age from 18 to 21 years ("the amendment"). 2019 Am.Sub. H.B. No. 166. In December 2019, JBK Ventures, an Ohio corporation that sells

various products used in the consumption of "legal herb and non-tobacco, non-nicotine substances," filed a verified complaint seeking a judgment declaring the amendment to be unconstitutional and enjoining ODPS from taking any action to enforce the amendment. (Dec. 10, 2019 Compl. at 2.)    JBK Ventures alleged that amended R.C. 2927.02 unconstitutionally criminalizes the sale of its products to persons between 18 and 21 years of age.  In January 2020, ODPS moved to dismiss the complaint because, based on the facts alleged, ODPS's statutory authority does not include an enforcement power over JBK Ventures' compliance with R.C. 2927.02.  A month later, the trial court granted ODPS's motion to dismiss.

{¶ 3}   JBK Ventures timely appeals.

## II.  Assignment of Error

{¶ 4}   JBK Ventures assigns the following error for our review:

> The Trial Court erred as a matter of law in misinterpreting the limitation of O.R.C. Section 5502.14(B)(1) and (3) as eliminating the enforcement powers granted ODPS by O.R.C. Section 5502.13 and related Ohio law such that it was not a proper Defendant in Appellant's Declaratory Judgment Action.

## III.  Discussion

{¶ 5}   JBK Ventures' sole assignment of error alleges the trial court erred in dismissing its complaint against ODPS based on its conclusion that because ODPS lacks statutory authority to enforce amended R.C. 2927.02 against JBK Ventures' business operations as alleged in the complaint, JBK Ventures lacks standing to bring its declaratory judgment action against ODPS.  This assignment of error is not well-taken.

{¶ 6}   Pursuant to R.C. 2721.03, "any person whose rights, status, or other legal relations are affected by a * * * statute * * * may have determined any question of construction or validity arising under the * * * statute * * * and obtain a declaration of rights, status, or other legal relations under it."  The three prerequisites for relief under this statute are: (1) a real controversy exists between the parties, (2) the controversy is justiciable in character, and (3) speedy relief is necessary to preserve the rights of the parties.  *Mayle Bingo Co., LLC v. Ohio Dept. of Pub. Safety*, 10th Dist. No. 18AP-760, 2020-Ohio-1087, ¶ 7.  For the purpose of a declaratory judgment action, a "justiciable issue" requires the existence of a legal interest or right, and a "real controversy" exists when there is a " 'genuine

dispute between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' " *Festi v. Ohio Adult Parole Auth.*, 10th Dist. No. 04AP-1372, 2005-Ohio-3622, ¶ 11; *Town Ctrs. Ltd. Partnership v. Ohio State Atty. Gen.*, 10th Dist. No. 99AP-689, 2000 Ohio App. LEXIS 1457 (Apr. 4, 2000), quoting *Wagner v. Cleveland*, 62 Ohio App.3d 8, 13 (8th Dist.1988).  In the absence of one or more of these prerequisites, a plaintiff cannot bring the action under R.C. 2721.03.  *Ohioans for Concealed Carry, Inc v. Columbus*, __Ohio St.3d__, 2020-Ohio-6724, ¶ 30; *ProgressOhio.org, Inc. v. JobsOhio*, 139 Ohio St.3d 520, 2014-Ohio-2382, ¶ 19.

{¶ 7}    While a trial court's decision to grant or deny declaratory relief is generally considered a matter within the sound discretion of the trial court, statutory interpretation is a question of law subject to de novo review.  *Jackson v. Bartec, Inc.*, 10th Dist. No. 10AP-173, 2010-Ohio-5558, ¶ 17, 35; *State v. Fraternal Order of Police of Ohio, Inc., Ohio Labor Council, Inc.*, 10th Dist. No. 16AP-457, 2017-Ohio-1382, ¶ 12.  *See Ohio Democratic Party v. LaRose*, 10th Dist. No. 20AP-432, 2020-Ohio-4778, ¶ 18 (an appellate court reviews a trial court's holdings regarding questions of law under a de novo standard).

{¶ 8}    At issue is ODPS's authority to enforce amended R.C. 2927.02 against JBK Ventures, and thus whether the parties have "adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  An administrative agency has no authority beyond the authority given to it by statute.  *State ex rel. Lucas Cty. Bd. of Commrs. v. Ohio Environmental Protection Agency*, 88 Ohio St.3d 166, 171 (2000).  *See Burger Brewing Co. v. Thomas*, 42 Ohio St.2d 377, 379 (1975) (authority that is conferred by the General Assembly cannot be extended by the administrative agency).  "A grant of such statutory power may be express or implied, but the implied power is limited to that which is reasonably necessary to make the express power effective."  *Ohio Fresh Eggs, LLC v. Boggs*, 183 Ohio App.3d 511, 2009-Ohio-3551, ¶ 28 (10th Dist.).

{¶ 9}    JBK Ventures primarily relies on R.C. 5502.13 as the basis of ODPS's authority to enforce R.C. 2927.02 against it.[1]  According to JBK Ventures, ODPS's authority

---

[1] JBK Ventures also asserts that ODPS agents have the power, independent of R.C. Chapter 5502, to enforce R.C. 2927.02 against it because "even private citizens can initiate" a criminal proceeding under R.C. 2935.09 by filing an accusation by affidavit.  (Appellant's Reply Brief at 6.)  Under this reasoning, however, JBK Ventures could have brought a declaratory judgment action against a private citizen under the premise

to enforce R.C. 2927.02 is granted in R.C. 5502.13, and this authority is not limited by R.C. 5502.14(B)(1) or (3), which details the role of ODPS's "enforcement agents."  R.C. 5502.13 states:

> The department of public safety shall maintain an investigative unit in order to conduct investigations and other enforcement activity authorized by Chapters 4301., 4303., 5101., 5107., and 5108. and sections 2903.12, 2903.13, 2903.14, 2907.09, 2913.46, 2917.11, 2921.13, 2921.31, 2921.32, 2921.33, 2923.12, 2923.121, 2925.11, 2925.13, 2927.02, and 4507.30 of the Revised Code. The director of public safety shall appoint the employees of the unit who are necessary, designate the activities to be performed by those employees, and prescribe their titles and duties.

{¶ 10} R.C. 5502.14(B)(1) states:

> Any person who is employed by the department of public safety and designated by the director of public safety to enforce Title XLIII of the Revised Code, the rules adopted under it, and the laws and rules regulating the use of supplemental nutrition assistance program benefits shall be known as an enforcement agent. The employment by the department of public safety and the designation by the director of public safety of a person as an enforcement agent shall be subject to division (D) of this section. An enforcement agent has the authority vested in peace officers pursuant to section 2935.03 of the Revised Code to keep the peace, to enforce all applicable laws and rules on any retail liquor permit premises, or on any other premises of public or private property, where a violation of Title XLIII of the Revised Code or any rule adopted under it is occurring, and to enforce all laws and rules governing the use of supplemental nutrition assistance program benefits, women, infants, and children's coupons, electronically transferred benefits, or any other access device that is used alone or in conjunction with another access device to obtain payments, allotments, benefits, money, goods, or other things of value, or that can be used to initiate a transfer of funds, pursuant to the supplemental nutrition assistance program established under the Food and Nutrition Act of 2008 (7 U.S.C. 2011 et seq.) or any supplemental food program administered by any department of this state pursuant to the "Child Nutrition Act of 1966," 80

---

that the individual could file an accusation by affidavit against JBK Ventures.  Because such an approach is untenable, we reject it.

Stat. 885, 42 U.S.C.A. 1786. Enforcement agents, in enforcing compliance with the laws and rules described in this division, may keep the peace and make arrests for violations of those laws and rules.

{¶ 11} And lastly, R.C. 5502.14(B)(3) states:

Enforcement agents who are on, immediately adjacent to, or across from retail liquor permit premises and who are performing investigative duties relating to that premises, enforcement agents who are on premises that are not liquor permit premises but on which a violation of Title XLIII of the Revised Code or any rule adopted under it allegedly is occurring, and enforcement agents who view a suspected violation of Title XLIII of the Revised Code, of a rule adopted under it, or of another law or rule described in division (B)(1) of this section have the authority to enforce the laws and rules described in division (B)(1) of this section, authority to enforce any section in Title XXIX of the Revised Code or any other section of the Revised Code listed in section 5502.13 of the Revised Code if they witness a violation of the section under any of the circumstances described in this division, and authority to make arrests for violations of the laws and rules described in division (B)(1) of this section and violations of any of those sections.

{¶ 12} We disagree with JBK Ventures' assertion that R.C. 5502.13 authorizes ODPS to enforce R.C. 2927.02. R.C. 5502.13 directs ODPS to maintain "an investigative unit in order to conduct investigations and other enforcement activity *authorized by*" various chapters and sections of the Revised Code, including R.C. 2927.02. (Emphasis added.) This statute further directs ODPS to appoint, and designate the activities of, the investigative unit employees. Thus, ODPS's authority, set forth in R.C. 5502.13, to engage in enforcement activity as to violations of R.C. 2927.02, is derivative of any such authority granted to ODPS in R.C. 2927.02 or any other statutory law referenced in R.C. 5502.13. JBK Ventures does not identify, and we do not find, any language in the Revised Code chapters and sections referenced in R.C. 5502.13 that authorizes ODPS to enforce the requirements of R.C. 2927.02. Because R.C. 5502.13 does not independently authorize ODPS to enforce the requirements of R.C. 2927.02, and none exists derivatively from another statute referenced in R.C. 5502.13, JBK Ventures' reliance on R.C. 5502.13 is

unavailing.  But this does not end our analysis because ODPS does have the authority to enforce R.C. 2927.02, under certain circumstances.

{¶ 13} Although R.C. 5502.14(B) primarily focuses on the authority of ODPS's enforcement agents to enforce laws and rules regulating liquor and supplemental nutrition assistance program ("SNAP") benefits, authority granted under this statute extends beyond those areas of government regulation.  As pertinent here, R.C. 5502.14(B) also grants ODPS limited authority to enforce R.C. 2927.02.  Pursuant to R.C. 5502.14(B)(1), an ODPS enforcement agent "has the authority vested in peace officers pursuant to section 2935.03 of the Revised Code to keep the peace, to enforce all applicable laws and rules on any retail liquor permit premises, or on any other premises of public or private property, where a violation of Title XLIII of the Revised Code or any rule adopted under it is occurring."  And pursuant to R.C. 5502.14(B)(3), ODPS enforcement agents have the "authority to enforce any section in Title XXIX of the Revised Code or any other section of the Revised Code listed in section 5502.13 of the Revised Code *if* they witness a violation of the section under any of the circumstances described in" R.C. 5502.14(B)(3).²  (Emphasis added.)  These circumstances occur when an agent is "on, immediately adjacent to, or across from retail liquor permit premises and who [is] performing investigative duties relating to that premises," is "on premises that are not liquor permit premises but on which a violation of Title XLIII of the Revised Code [Liquor] or any rule adopted under it allegedly is occurring," or "view[s] a suspected violation of Title XLIII of the Revised Code, of a rule adopted under it, or of another law or rule described in" R.C. 5502.14(B)(1).  R.C. 5502.14(B)(3).  Thus, under R.C. 5502.14(B)(1) and (3), ODPS has the authority to enforce R.C. 2927.02, but that authority is contingent on the existence of at least one of the factual circumstances specified in those divisions.

{¶ 14} JBK Ventures' complaint does not allege that any one of the contingencies specified in R.C. 5502.14(B), necessary for an ODPS enforcement agent to enforce R.C. 2927.02, is likely to exist as it relates to its business operations.  In particular, JBK Ventures does not allege that it has a liquor permit or that a business adjacent to, or across from, its

---

² The jurisdiction of an enforcement agent under R.C. 5502.14(B) is "concurrent with that of the peace officers of the county, township, or municipal corporation in which the violation occurs."  R.C. 5502.14(B)(4).

premises has a liquor permit, that a liquor violation is likely to be reported to an enforcement agent on its premises, or that an enforcement agent on its premises likely will observe a liquor violation. In the absence of any of these circumstances, ODPS has no authority to enforce R.C. 2927.02 against JBK Ventures, and the parties have no adverse legal interests as to that statute. Thus, the complaint fails to allege any real controversy between the parties. Consequently, we agree with the trial court's conclusion that, based on the facts alleged in the complaint, JBK Ventures lacks standing to bring its declaratory judgment action against ODPS.

{¶ 15} Because the trial court did not err in dismissing JBK Ventures' complaint, we overrule its sole assignment of error.

## IV. Disposition

{¶ 16} Having overruled JBK Ventures' sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER and BEATTY BLUNT, JJ., concur.

———————————————