Marshall, C. J.
 

 It is insisted by the securities company that the bank being in fact a lender, and the bills of sale taken by it being in fact intended
 
 *72
 
 as collateral security for a loan, the duty devolved upon it to file its bills of sale with the county recorder, and that its action in filing the instruments with the county clerk will not avail as against the securities company, which is likewise a lender and did comply with Section 8560 and other related sections. It is insisted, on the other hand, by the bank, that Snyder having executed bills of sale to the three cars in question the complete legal title to those cars passed to the bank, which title became complete upon filing those instruments with the county clerk, and that Snyder was thereafter powerless to either convey or incumber the cars covered by those bills of sale. The plaintiff having • relied upon and having fully complied with one statute, and the defendant having relied upon and having completely complied with the other statute, and neither plaintiff nor defendant having complied with both statutes, this controversy involves not only the interpretation of each of the statutes, but also involves the relation of each of those statutes to the other.
 

 Section 8560 is the older statute, having been in existence many years, and having been enacted a half century before automobiles were invented. That statute renders any chattel mortgage void as to creditors, subsequent purchasers, and mortgagees in good faith, unless the mortgage or a true copy thereof be forthwith deposited as directed, or other conditions of the statutes complied with. It has been repeatedly held that a mortgagee, who has failed to file the instrument as required, is nevertheless protected as against subsequent purchasers and mortgagees who had actual knowledge of its
 
 *73
 
 existence. The securities company did not have actual knowledge of the bills of sale given to the bank, and it has never been declared by any court in Ohio in any reported case that any notice or knowledge less than actual knowledge would be sufficient.
 

 Sections 6310-3 to 6310-14 became effective August 16, 1921 (109 Ohio Laws, 330), and the purpose of their enactment, as expressed in the title, is to prevent traffic in stolen cars. As a means of preventing such traffic, registration and bill of sale are required to be given in the event of each sale or change of ownership of a motor vehicle, and Section 6310-10, which requires bills of sale to be filed in the office of the clerk of courts, contains the following language:
 

 “Each corporation, partnership, association, or person to whom title has in any manner been passed to a motor vehicle or a ‘used motor vehicle’ shall file one of the copies of the duplicate bill of sale with the clerk of courts of the county in which the sale, transfer, conveyance, gift or passage of title is consummated within three days immediately thereafter.”
 

 It is apparent that a bilhof sale given as security for a debt, even though it does not contain in its terms any defeasance clause, is nevertheless a passing of title in some manner. If it be held that the sweeping language of Section 6310-10, above quoted, should be limited in its application only to a transfer of the naked legal title, then no duty devolved upon the securities company to deposit its chattel mortgages with the clerk of the courts, and by the same token the filing of the bills of
 
 *74
 
 sale by the bank with the clerk of the courts was futile, because its bills of sale were in fact security for a debt and not the conveyance of the complete legal title.
 

 When Sections 6310-3 to 6310-14, inclusive, were enacted there was no reference to Section 8560, and there was no express repeal either in whole or in part. If the later enactments were in irreconcilable conflict with the earlier, it would necessarily have to be decided that the later enactment repealed the earlier. There being no such conflict, but, on the other hand, it being clear that both may be enforced concurrently, there is no implication of repeal.
 

 The problem in the instant case may not be solved by deciding what would be the easiest and simplest and best thing to do, but, on the other hand, this court is confronted with the duty of making both statutes operative in all points where no irreconcilable conflict appears.
 

 Section 8560, enacted approximately 80 years ago, as expressed by its title, was for the purpose of requiring mortgages or bills of sale of personal property to be deposited, and thereby made a matter of public record, to serve as notice of the rights of the holder thereof to persons having subsequent dealings with the owner. As originally enacted, and as still existing, that law applies to every “mortgage, or conveyance intended to operate as a mortgage, of goods and chattels, which is not accompanied by an immediate delivery, and followed by an actual and continued change, of possession.” Sections 6310-3 to 6310-14, as expressed in the title of the bill, as shown in 109 Ohio Laws,
 
 *75
 
 330, were enacted with the purpose “to prevent traffic in stolen cars, require registration and bill of sale to be given in event of sale or change in ownership of motor vehicles.” In Section 6310-6 the act is made to apply to “each buyer, purchaser, transferee or person receiving or obtaining a ‘motor vehicle.’ ” The requirement as to filing, as stated in 6310-10, as amended in 1923, 110 Ohio Laws, 399, is that “each corporation, partnership, association, or person to whom title has in any manner been passed to a motor vehicle shall present to the clerk of courts,” etc.
 

 It is obvious that the two statutes, enacted at widely different dates, refer to different subjects, to widely different persons, make different requirements, and were designed to effect different purposes. The earlier statute is purely civil in its nature, designed to regulate the manner of creating and perfecting liens. The later is a penal enactment, primarily designed to prevent and detect crime. Section 6310-10, if strictly and literally, construed, in the absence of and without regard to Section 8560, would require that any instrument passing title in any manner to a motor vehicle would be required to be filed in the office of the clerk of courts. An instrument whereby “title has in any manner been passed to a motor vehicle” would naturally include a chattel mortgage.
 

 If, on the other hand, it is determined to reconcile this provision with Section 8560, and not to regard the same as an implied repeal thereof, and if it is intended to give effect to both, the conclusion is irresistible that all chattel mortgages, whether covering motor vehicles or any other kind and
 
 *76
 
 character of personal property, or any instrument intended to operate as a mortgage of goods and chattels, including motor vehicles, must be filed with the county recorder, as required by Section 8560, and that any instrument which creates the holder thereof a “buyer, purchaser, transferee or person receiving or obtaining a ‘motor vehicle’ ” must be filed in the office of the clerk of courts.
 

 It is difficult to fathom the legislative intent in requiring buyers, purchasers, and transferees of title to a motor vehicle to file the same in the office of the clerk of courts, and to require mortgagees of all kinds of personal property, including motor vehicles, to file the same in the office of the county recorder, but inasmuch as the Legislature in the later enactment made no reference to the earlier it will not be presumed that the later act was intended to apply to such instruments as are described in Section 8560. There is no point in requiring a chattel mortgage covering a motor vehicle to be filed in both the office of the county recorder and the office of the clerk of courts. If the Legislature, in 1923, had intended to require all chattel mortgages, and conveyances intended to operate as mortgages of motor vehicles, to be filed in the office of the clerk of courts, it would have been just as easy and simple to have employed the same language as the Legislature had theretofore adopted in Section 8560. Having used certain language in the one instance and wholly different language in the other, it will rather be presumed that different results were intended.
 

 The presumption of intention of a wholly different purpose is further strengthened by all of the
 
 *77
 
 other differences hereinbefore referred to. It is, of course, not possible to accurately gauge or determine the legislative intent, but it is more reasonable to so construe these statutes as to require all mortgages and conveyances intended to operate as mortgages of personal property, including motor vehicles, to be filed in the office of the county recorder, and all instruments intended to operate as a conveyance or sale of motor vehicles, without defeasance, in the office of the clerk of courts.
 

 It is quite clear from this record, as shown by the agreed statement of facts, that the bills of sale given to the bank were given as security for a debt, and that they are therefore “conveyances intended to operate as a mortgage,” and therefore proper subject for filing in the office of the county recorder.
 

 As between the parties to this action, the securities company having fully complied with Section 8560, and the bank not having complied therewith, the claims of the securities company must prevail.
 

 The judgment of the Court of Appeals in the instant case will therefore be reversed, and judgment rendered upon the admitted facts in favor of the plaintiff in error.
 

 Judgment reversed and judgment for plaintiff in error.
 

 Allen, Kinkade, Robinson and Matthias, JJ., concur.