JOURNAL ENTRY AND OPINION
{¶ 1} Defendant, Roger Carder, appeals his sentence following his plea of guilty to two of the twenty-eight counts against him: counts 9 and 24. The trial court imposed the maximum sentence for both counts and ordered the two sentences to be served consecutively.
 {¶ 2} Defendant was indicted for raping both his stepdaughter and his daughter repeatedly from the time they were five or six years old until they became adults. He admitted to being convicted in 1979 of raping another underage daughter of his and receiving a suspended sentence of 44 months for that rape.
 {¶ 3} The trial court accepted defendant's plea to two counts of rape. In exchange for the plea, the state agreed to nolle the other twenty-six counts and remove the sexually violent predator specification from count twenty-four. The court then sentenced defendant to the maximum sentence on each count, ten years, and ordered the sentences to run consecutively. Defendant timely appealed his sentence, stating two assignments of error.
 {¶ 4} The first assignment of error is as follows:
 {¶ 5} "I. Roger Carder was deprived of his liberty withoutdue process of law when the Sentence for Count 24 was madeconsecutive to the Sentence in Count 9, as said sentence does notcomport with Ohio's current sentencing structure."
 {¶ 6} Defendant argues that the trial court erred when it imposed consecutive sentences when "the court did not elaborate as to the details of the case which were supportive of its findings." Appellant's brief at 3. Defendant further claims that the court failed to align "the statutory factors with specific facts of the case as required by Comer." Appellant's brief at 4.
 {¶ 7} The imposition of consecutive sentences is controlled by R.C. 2929.14(E), which states in pertinent part:
 {¶ 8} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary toprotect the public from future crime or to punish theoffender and that consecutive sentences are notdisproportionate to the seriousness of the offender's conduct andto the danger the offender poses to the public, and if the court also finds any of the following:
(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18
of the Revised Code, or was under post-release control for a prior offense.
(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so greator unusual that no single prison term for any of the offensescommitted as part of any of the courses of conduct adequatelyreflects the seriousness of the offender's conduct.
(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the publicfrom future crime by the offender."
 {¶ 9} R.C. 2929.14(E)(4)(a)(b) (c). Emphasis added.
 {¶ 10} Additionally, the court must give reasons for its findings. R.C. 2929.19(B)(2)(c):
 {¶ 11} "(2) The court shall impose a sentence and shall makea finding that gives its reasons for selecting the sentenceimposed in any of the following circumstances:
 {¶ 12} * * *
(a) (c) If it imposes consecutive sentences under section2929.14 of the Revised Code, its reasons for imposing theconsecutive sentences * * *."
 {¶ 13} The trial court must also create a record which provides the appellate court with sufficient information to allow it to review the sentence imposed. Finally," * * * a trial court must clearly align each rationale with the specific finding to support its decision to impose consecutive sentences. These findings and reasons must be articulated by the trial court so an appellate court can conduct a meaningful review of the sentencing decision. Griffin Katz, Ohio Felony Sentencing Law, supra, at 458-459, Section 1.21." State v. Comer (2003),99 Ohio St.3d 463 ¶ 21.
 {¶ 14} At the sentencing hearing, the court addressed defendant and stated,
 {¶ 15} "you know your acting out in this kind of behavior and victimizing other people, particularly your own children, is just horribly inappropriate, and some of the things you said here today would indicate to me that even to this day you do not have an awareness of the wrongness of your acts.
i. Indeed some of the comments made to the PSI writer aboutacts being consensual are just so, you know, wildly irrationalthat it demonstrates to me that you are a dangerous person. The fact that you did have a prior conviction for a sexual offense that began as a rape, and indeed back then it was your daughter also, so it would seem very clear here that you know if released at some time in the future you're going to reoffend.
ii. Therefore, the Court is required under the sentencing statute contained in 2929.13 to begin to look, and I should say to begin to look under 2929.14(E) and 2929.14(E)(4) for guidance in imposing the sentence here this morning. I believe that this defendant's acts require a consecutive period of incarceration to protect the community and to punish the offender. I don'tbelieve that any consecutive sentence, that any consecutivesentence today, would be disproportionate in light of all thesecrimes.
iii. I'd like to indicate that this crime was committed while these children were between the ages of four and eighteen, and it happened hundreds of times, indeed while the defendant was out on bond, there is evidence to suggest that he once again began to stalk these victims. The harm perpetrated on the victims is sogreat, and it is so unusual that a single term would notaccurately reflect the seriousness of this man's conduct and indeed, indeed he does have a criminal history that showsconsecutive terms of incarceration are needed to protect thepublic, so therefore, under this section of the Revised Code to protect the public, to take Mr. Carder off the streets until perhaps he is too old to even think about these kinds of behavior I'm going to sentence him to the maximum consecutive period of incarceration in each count which is ten years on each count consecutive which is 20 years."
 {¶ 16} Tr. 30-32. Emphasis added.
 {¶ 17} The court noted that defendant would actually "stay home from work and a rape occurred all day long." Tr. at 19. The court also pointed out that defendant would "smack [the daughter] in the face." Tr. at 19. The court noted that "defendant also would tie the hands of his victims. He would sometimes beat the victims. He would ply the women with alcohol, marijuana and other drugs." Tr. at 20. The court points out that one of the girls was drugged to the point of unconsciousness. The court also referenced the pornographic pictures of the stepdaughter and the fact that defendant tried to force the daughter to also participate in pornographic pictures. Finally, the court noted that defendant had raped another of his daughters years earlier. This discussion, however, occurs some ten pages before the judge explains his specific sentence. Comer requires the trial court to align its reasons and findings. This general discussion in itself does not meet that requirement.
 {¶ 18} However, in its discussion of consecutive sentences, the court observes: "The harm that had been perpetrated on the victims is so great, and it is so unusual that a single term would not accurately reflect the seriousness of this man's conduct * * *." Again, it is preferable that the trial court specifically spell out what harm it is referencing here. This court can assume, however, that the harm in hitting such young victims and drugging them is obvious enough to constitute the implied reference here.
 {¶ 19} The court then addressed defendant's lack of remorse and understanding of the seriousness of his crime as evidenced by his claim that the sex with children between ages four and eighteen was "consensual." The court concluded that his attitude was so "wildly * * * irrational that it demonstrates" he is a "dangerous person." This discussion meets, although barely, the statutory requirement that the court find "that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public."
 {¶ 20} Finally, the court is more than clear in explaining how the consecutive sentences are necessary to protect the public from future crime under both (4) and (4)(c). There are sufficient facts, reasons, and findings for a court "to conduct a meaningful appellate review." The trial court did not err in imposing consecutive sentences on defendant. Accordingly, this assignment of error is overruled.
 {¶ 21} For its second assignment of error, appellant states as follows:
 {¶ 22} "II. The trial court erred in imposing the maximumSentence for Count 24 pursuant to § 2929.14(C) and2929.19(b)(2)(D) where it did not find or set forth factorssupporting that the appellant committed the worst form of theoffense or that the appellant posed the greatest likelihood ofcommitting future crimes."
 {¶ 23} Defendant complains that the trial court did not provide the required findings to support its imposition of the maximum sentence for count 24, the second of the two counts defendant pled guilty to.[1]
 {¶ 24} When imposing the maximum sentence on an offender, a court must make one of four alternative findings:
 {¶ 25} "the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only uponoffenders who committed the worst forms of the offense, uponoffenders who pose the greatest likelihood of committing futurecrimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 {¶ 26} R.C. 2929.14(C), emphasis added.
 {¶ 27} Defendant claims that the court failed to find him to have committed the worst form of the offense. He does not address the other three alternatives listed in the statute. The finding defendant focuses on, however, is only one of four alternatives that may function as a necessary finding. In fact, the court did address one of the alternatives: that defendant poses a likelihood of committing future crimes. The question is whether it satisfied the requirement that it find "the greatestlikelihood of committing future crimes" (emphasis added) as required by R.C. 2929.14(C).[2] First, we note that the court never separately explained its imposition of maximum sentences. The only time the court even used the word "maximum" during the sentencing hearing was at the very end of the court's discussion of the sentence and then only in conjunction with the consecutive sentence. The court said,
 {¶ 28} "The harm that had been perpetrated on the victims isso great, and it is so unusual that a single term could not accurately reflect the seriousness of this man's conduct and indeed, indeed he does have a criminal history that shows consecutive terms of incarceration are needed to protect thepublic, so therefore, under this section of the Revised Code toprotect the public, to take Mr. Carder off the street until he is perhaps too old to even think about these kind of behavior I'm going to sentence him to the maximum consecutive period of incarceration in each count * * *." Tr. at 32, emphasis added."
 {¶ 29} The two findings the court made are findings required for consecutive sentences. They are not findings required for the maximum. Although protecting the public is related to thegreatest likelihood of committing future crimes, we must presume from its use of different language that the Legislature intended a difference between these two findings. Further, because the Legislature used the superlative form of the adjective to describe the requirement of predictability, we must presume that the second is a higher standard. We conclude, therefore, that by finding it necessary to protect the public, the court did not automatically imply the "greatest likelihood of committing future crimes." Thus the discussion immediately preceding its sentence does not satisfy the statutory requirement for imposing the maximum.
 {¶ 30} In an earlier section, however, the trial court spoke of his reoffending:
 {¶ 31} "I'd like to indicate that this crime was committed while these children were between the ages of four and eighteen, and it happened hundreds of times and indeed while thedefendant was out on bond, there is evidence to suggest that heonce again began to stalk these victims. The fact that you didhave a prior conviction for a sexual offense that began as a rape, and indeed back then it was your daughter also, so itwould seem very clear here that you know if released at some time in the future you're going to reoffend."
 {¶ 32} Tr. at 32. Emphasis added.
 {¶ 33} The prior conviction the court mentions is a reference to defendant's 1979 conviction for raping another of his daughters. That conviction had been addressed at length earlier in the hearing. The court was not required to restate the entire discussion regarding the prior offense when it imposed sentence as long as it was clear to the defendant and to this court what its reasons were for its findings.
 {¶ 34} The facts the court cited clearly support concluding the "greatest likelihood" of reoffending, although that explicit language is not used. However, the absolute and declaratory nature of the sentence "you're going to reoffend" states more than is required: it would indicate that the court is saying reoffense is a certainty, not just the greatest likelihood.
 {¶ 35} The problem is that this discussion is not located under any discussion of the maximum. In fact, it follows a discussion of consecutive sentences and immediately precedes findings that are relevant only to consecutive sentences. Two paragraphs later, however, the trial judge does indicate the sentence will be "maximum consecutive." Because the reasons here are so clear, the finding more than satisfactory, and the nature of the sentence reasonably close, we find the court met the minimal requirements for a consecutive sentence.
 {¶ 36} However, we urge the trial court to take more care in separating its discussion of maximum and consecutive sentences.
 {¶ 37} In Comer the Ohio Supreme Court clarified that trial judges are to align their reasons and findings. It goes without saying that, if reasons and findings are to be aligned, then required findings should be separate and not merged, as the judge did here. Accordingly, this assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., concurs.
 Gallagher, J., concurs with separate concurring opinion.
[1] Curiously, he does not make the same complaint concerning the maximum sentence imposed in the other count, which was for the same crime.
[2] The court also did not make any finding that defendant's crime was the worst form of the offense.