The STATE of Ohio ex rel. CORDRAY,

v.

COURT OF CLAIMS OF OHIO.

[Cite as *State ex rel. Cordray v. Court of Claims of Ohio,* 190 Ohio App.3d 161, 2010-Ohio-4437.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 09AP–863.

Decided Sept. 21, 2010.

</div>

Richard Cordray, Attorney General, and Elise Porter and Susan E. Ashbrook, Assistant Attorneys General, for relator.

Chester, Willcox & Saxbe, L.L.P., Charles R. Saxbe, and Elizabeth J. Watters, Special Counsel to the Attorney General, for respondent.

Peggy Bryant, Judge.

{¶ 1} Relator, Ohio Attorney General Richard Cordray ("Attorney General"), commenced this original action seeking a writ of mandamus that orders respondent, Court of Claims of Ohio, both to vacate the orders that respondent issued in reviewing the award of attorney fees to the Attorney General and to dismiss the appeal because, after legislative amendments in July 2000, the Court of Claims lacks jurisdiction to consider and determine attorney fees in reparations cases under the Victims of Crime Act, R.C. 2743.51 et seq. The Attorney General's complaint seeks a writ of prohibition to preclude respondent from considering appeals of the Attorney General's attorney-fee awards pending in the Court of Claims.

## I. Facts and Procedural History

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth Appellate District, this matter was referred to a magistrate, who issued a decision, including findings of fact and conclusions of law, that is appended to this decision.

{¶ 3} As the magistrate's decision sets out more fully, attorney Jack Carney–DeBord submitted an application to the attorney general in May 2007 under R.C. 2743.65 requesting $1,485.75 in attorney fees for assisting Joseph Fletcher in processing Fletcher's reparations claim under the act. In October 2007, Carney–DeBord submitted a request to the attorney general for an additional $78 for work on Fletcher's reparations claim. The attorney general awarded attorney fees to Carney–DeBord in the amount of $1,020 and denied Carney–DeBord's request for additional monies.

{¶ 4} After the attorney general denied his request for reconsideration, Carney–DeBord appealed the attorney general's final decision to a panel of commissioners of the Court of Claims. The attorney general moved to dismiss Carney–DeBord's appeal, asserting that the commissioner panel lacked jurisdiction to review the attorney general's final decisions on attorney-fee applications filed under R.C. 2743.65.

{¶ 5} In an opinion and order denying Carney–DeBord's claim, the commissioner panel (1) determined it had jurisdiction pursuant to R.C. 2743.53 and 2743.55 to hear Carney–DeBord's appeal of the attorney general's award of attorney fees and (2) affirmed the attorney general's final decision awarding attorney fees to Carney–DeBord in an amount totaling $1,020. *In re Fletcher* (Feb. 9, 2009), Ct.Cl. No. V2006–20836. The attorney general appealed the panel's decision on the jurisdictional issue to a Court of Claims judge, who affirmed the panel's decision in its entirety. *In re Fletcher* (July 2, 2009), Ct.Cl. No. V2006–20836.

## II. The Present Action

{¶ 6} The attorney general's complaint requests that this court issue a writ of mandamus compelling the Court of Claims (1) to vacate the orders the court issued in Carney–DeBord's appeal in *Fletcher* and (2) to dismiss Carney–DeBord's appeal in *Fletcher*, because the Court of Claims lacks jurisdiction to consider and determine attorney fees in reparations cases. The attorney general also seeks a writ of prohibition ordering the Court of Claims to refrain from considering or deciding any pending or future appeals from final decisions of the attorney general on attorney-fee applications filed under the act.

{¶ 7} The Court of Claims moved to dismiss the attorney general's complaint, arguing that the claims are moot because the attorney general prevailed in the Court of Claims when the court affirmed the $1,020 in attorney fees that the attorney general had awarded. The Court of Claims further contends that (1) the attorney general lacks standing to request mandamus relief when he prevailed in the underlying case, (2) the attorney general's complaint seeks a declaratory judgment and a prohibitory injunction for which this court lacks

jurisdiction, and (3) the allegations of the complaint fail to satisfy the prerequisites for either a writ of mandamus or a writ of prohibition.

{¶ 8} The attorney general responded with a motion for summary judgment contending that no genuine issue of material fact exists, and he is entitled to judgment as a matter of law. The attorney general asserts that the claims are not moot because even if the Court of Claims correctly decided the merits of Carney–DeBord's appeal in *Fletcher* concerning the amount of the award of attorney fees, the controversy here is whether the Court of Claims has jurisdiction in reparations cases to review and decide issues involving attorney fees, a jurisdictional issue that the Court of Claims decided adversely to the attorney general.

{¶ 9} With respect to the jurisdictional issue, the attorney general notes that since July 2000, he has had sole authority to determine awards of attorney fees in reparations cases, and he therefore has standing not only to challenge the Court of Claims' actions in unlawfully assuming jurisdiction in Carney–DeBord's appeal but also to prevent the Court of Claims' unauthorized exercise of jurisdiction in other currently pending or future appeals of awards of attorney fees in reparations cases. Asserting both that he has satisfied the prerequisites for the requested writs of mandamus and prohibition and that he has no adequate remedy at law, the attorney general asserts that this court should grant the extraordinary relief he seeks.

### III. Magistrate's Decision

{¶ 10} The magistrate determined that the attorney general's complaint actually seeks a declaratory judgment, over which this court lacks jurisdiction. She therefore concluded that neither mandamus nor prohibition relief is appropriate. The magistrate further concluded that even if this court were to consider the merits of the attorney general's claims, the attorney general did not establish that he is clearly entitled to the requested writs of mandamus and prohibition because he did not demonstrate that the Court of Claims patently and unambiguously lacks jurisdiction to consider and hear appeals from the attorney general's decisions on applications for attorney fees filed under the act.

{¶ 11} In reaching her conclusions, the magistrate observed that "[n]othing in [R.C. Chapter 2743's] statutory provisions affirmatively grants or denies the Court [of Claims'] jurisdiction to hear appeals from awards of attorney's fees made by the attorney general." She, however, not only determined that "it is clear that the court has jurisdiction to determine issues 'relating to' claims for reparations" but pointed out that "[t]he attorney general has conceded that determinations regarding attorney's fees and costs are matters 'relating to' claims for reparations." Finally, the magistrate noted that the Court of Claims had

exercised its jurisdiction to hear "numerous appeals from decisions of the attorney general regarding awards of attorney's fees" in crime-victims' reparations cases since the act was amended in July 2000. Based on those observations, the magistrate determined that this court should (1) deny the attorney general's motion for summary judgment and request for extraordinary relief and (2) grant the Court of Claims' motion to dismiss the attorney general's complaint.

## IV. Objections

{¶ 12} The attorney general filed the following objections to the magistrate's decision:

(1) The magistrate erred as a matter of law in finding that the case is more properly heard in declaratory judgment rather than in mandamus and prohibition.

(2) The magistrate erred as a matter of law in finding that the Court of Claims has jurisdiction to hear appeals from awards made by the Attorney General of attorney's fees under R.C. 2743.65.

(3) The magistrate erred as a matter of fact and law in finding that the Attorney General conceded jurisdiction in admitting that claims for attorney's fees are matters "relating to" claims for reparations.

(4) The magistrate erred as a matter of fact in finding that the Court of Claims, since statutory amendments made to R.C. 2743 in 2000, "has considered numerous appeals from decisions of the Attorney General regarding awards of attorney's fees."

## V. Analysis

### A. Standard of Review

{¶ 13} The Court of Claims' motion to dismiss should be granted if it appears beyond doubt that after presuming the truth of all material factual allegations in the complaint and drawing all reasonable inferences in the attorney general's favor, we conclude that the attorney general is not entitled to the requested extraordinary relief. *State ex rel. Sapp v. Franklin Cty. Court of Appeals,* 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 13; *State ex rel. Ferguson v. Court of Claims of Ohio,* 98 Ohio St.3d 399, 2003-Ohio-1631, 786 N.E.2d 43, ¶ 9. By contrast, if the uncontroverted facts indicate that the attorney general is entitled to the requested extraordinary writs under the standards noted below, we will grant the attorney general's motion for summary judgment and issue the requested writs. *Sapp* at ¶ 14.

### B. First Objection—Nature of Action Filed in this Court

{¶ 14} The attorney general's first objection contends that the magistrate erred in determining that the complaint in actuality seeks declaratory relief rather than writs of mandamus and prohibition. In order to be entitled to the requested writ of mandamus, the attorney general must establish (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the governmental actor requested to perform the acts, and (3) lack of an adequate remedy in the ordinary course of the law. *State ex rel. Smith v. Cuyahoga Cty. Court of Common Pleas,* 106 Ohio St.3d 151, 2005-Ohio-4103, 832 N.E.2d 1206, ¶ 13, citing *State ex rel. Cincinnati Bell Tel. Co. v. Pub. Util. Comm.,* 105 Ohio St.3d 177, 2005-Ohio-1150, 824 N.E.2d 68, ¶ 13.

{¶ 15} The magistrate concluded that the attorney general did not meet the prerequisites for a writ of mandamus because he had an adequate remedy at law in the form of a declaratory-judgment action in which he could have his rights declared under R.C. 2721.03. Pursuant to that statute, any person "whose rights * * * are affected by a * * * statute * * * may have determined any question of construction or validity arising under the * * * statute * * * and obtain a declaration of rights, status, or other legal relations under it." R.C. 2721.03; see also *Walker v. Ghee* (Jan. 28, 2002), 10th Dist. No. 01AP–960, 2002 WL 104938, *2, quoting *Aust v. Ohio State Dental Bd.* (2000), 136 Ohio App.3d 677, 681, 737 N.E.2d 605 (" 'The essential elements for declaratory relief are (1) a real controversy exists between the parties, (2) the controversy is justiciable in character, and (3) speedy relief is necessary to preserve the rights of the parties' ").

{¶ 16} Because mandamus is an extraordinary writ, it is unavailable if a declaratory judgment would achieve the same result. Thus, " 'if the allegations of a complaint for a writ of mandamus indicate that the real objects sought are a declaratory judgment and a prohibitory injunction, the complaint does not state a cause of action in mandamus and must be dismissed for want of jurisdiction.' " *State ex rel. Colvin v. Brunner,* 120 Ohio St.3d 110, 2008-Ohio-5041, 896 N.E.2d 979, ¶ 17, quoting *State ex rel. Grendell v. Davidson,* 86 Ohio St.3d 629, 634, 716 N.E.2d 704. By contrast, if a declaratory judgment would not afford complete relief without a mandatory injunction, it is not an adequate remedy at law and a writ of mandamus is appropriate. *State ex rel. LetOhioVote.org v. Brunner,* 123 Ohio St.3d 322, 2009-Ohio-4900, 916 N.E.2d 462, ¶ 15, citing *State ex rel. Mill Creek Metro. Park Dist. Bd. of Commrs. v. Tablack* (1999), 86 Ohio St.3d 293, 297, 714 N.E.2d 917. ("In general, if declaratory judgment would not be a complete remedy unless coupled with extraordinary ancillary relief in the nature of a mandatory injunction, the availability of declaratory judgment does not preclude a writ of mandamus").

{¶ 17} Declaratory relief does not afford the attorney general a complete remedy. In addition to a determination that the statutory provisions do not provide for review of the attorney general's attorney-fee awards in the Court of Claims, the attorney general asks that the Court of Claims' improper exercise of jurisdiction in *Fletcher* be vacated. Although a declaratory-judgment action will address the first part of the relief that the attorney general requests by determining whether the Court of Claims has statutorily authorized jurisdiction to review the attorney general's attorney-fee awards, a declaratory-judgment action cannot reach the second part that seeks to vacate the results of the Court of Claims' allegedly improper exercise of jurisdiction. Accordingly, the relief that the attorney general's complaint seeks is consistent with the principles governing mandamus actions rather than those addressing declaratory judgment.

{¶ 18} In addition to a writ of mandamus, the attorney general seeks a writ of prohibition to prohibit the Court of Claims from exercising jurisdiction to hear pending appeals from and to review final decisions of the attorney general on applications for attorney fees filed under R.C. 2743.65. The purpose of a writ of prohibition is to restrain an inferior court or tribunal from exceeding its jurisdiction. *State ex rel. Jones v. Suster* (1998), 84 Ohio St.3d 70, 73, 701 N.E.2d 1002. For a writ of prohibition to issue, the relator generally must establish (1) the lower court is about to exercise judicial authority, (2) the exercise of authority is not authorized by law, and (3) the relator possesses no adequate remedy in the ordinary course of law if the writ of prohibition is denied. Id. at 74, 701 N.E.2d 1002.

{¶ 19} The attorney general's complaint asserts that the Court of Claims lacks jurisdiction to consider appeals from the attorney general's awards on applications for attorney fees under R.C. 2743.65 and nonetheless is about to review such awards in cases pending in the Court of Claims. When jurisdiction is patently and unambiguously lacking, the attorney general need not establish the lack of an adequate remedy at law because the availability of alternate remedies, such as an appeal, are immaterial. *State ex rel. Columbus S. Power Co. v. Fais,* 117 Ohio St.3d 340, 2008-Ohio-849, 884 N.E.2d 1, ¶ 16; *Sapp,* 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 15; *Jones* at 74, 701 N.E.2d 1002. Rather, because a writ of prohibition is designed specifically to "keep inferior courts and tribunals within the limits of their own jurisdiction," it is an appropriate remedy to prevent the Court of Claims from exercising jurisdiction it allegedly lacks. *State ex rel. Carmody v. Justice* (1926), 114 Ohio St. 94, 97, 150 N.E. 430.

{¶ 20} In the final analysis, " '[i]f a lower court patently and unambiguously lacks jurisdiction to proceed in a cause, prohibition and mandamus will issue to prevent any future unauthorized exercise of jurisdiction and to correct

the results of prior jurisdictionally unauthorized actions.'" *State ex rel. Powell v. Markus,* 115 Ohio St.3d 219, 2007-Ohio-4793, 874 N.E.2d 775, ¶ 7, quoting *State ex rel. Mayer v. Henson,* 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 12; *Sapp* at ¶ 15. Because such allegations and relief are the object of the attorney general's complaint, the action properly is heard in mandamus and prohibition. The attorney general's first objection is sustained.

C. Second Objection—Court of Claims' Jurisdiction over Attorney–Fee Awards

{¶ 21} The attorney general's second objection contends that the magistrate erred as a matter of law in concluding that the Court of Claims has jurisdiction to hear appeals from the attorney general's award of attorney fees under R.C. 2743.65, because the Court of Claims patently and unambiguously lacks jurisdiction under the statutory amendments to the act that became effective July 2000 with the General Assembly's adoption of Sub.S.B. No. 153, 148 Ohio Laws, Part IV, 9210 ("S.B. 153").

{¶ 22} The attorney general argues that because the act is a special statutory proceeding, the legislation must delineate specifically the jurisdiction for reparations awards or attorney-fee awards and any review of those awards. The attorney general points to two relevant statutes. R.C. 2743.61 provides that the attorney general may make or deny a claim for an award of reparations. The statute sets forth a time frame within which a claimant may seek reconsideration of the attorney general's decision and specifies that within the provided time frame, the claimant "may appeal an award of reparations, the amount of an award of reparations, or the denial of a claim for an award of reparations that is made by a final decision of the attorney general." R.C. 2743.61(B). If the decision is appealed within the specified time frame, a panel of commissioners at the Court of Claims determines the appeal, from which the attorney general or claimant may appeal to a judge of the Court of Claims. R.C. 2743.61(C).

{¶ 23} The attorney general contrasts the specifics of R.C. 2743.61 with the language of R.C. 2743.65, which addresses fees for "the attorney representing a claimant." It provides a specific process for filing an application for attorney fees and for the attorney general's decision on the application. According to the statute, "[t]he attorney general's decision with respect to an award of attorney's fees is final ten days after the attorney general renders the decision and mails a copy" to the attorney. R.C. 2743.65(C)(2). Although an attorney may seek reconsideration, the statute provides that the attorney general's decision on the request for reconsideration is final. The statute does not provide for any appeal regarding decisions on attorney fees. Indeed, the magistrate noted in her decision that "[n]othing in the * * * statutory provisions affirmatively grants or

denies the Court [of Claims'] jurisdiction to hear appeals from awards of attorney's fees made by the attorney general."

{¶ 24} Unlike the present statute, former R.C. 2743.65 vested the authority to determine and award attorney fees in victim-reparations cases not with the attorney general but with either a single commissioner or a panel of court of claims commissioners. In enacting S.B. 153, the legislature changed the procedure and placed with the attorney general the sole authority for determining and awarding attorney fees in victim-reparations cases. A commissioner or panel of court of claims commissioners, from whose decision no appeal was allowed in former R.C. 2743.65, is not mentioned in amended R.C. 2743.65. Indeed, not only does the amended legislation not mention court review, it states that the attorney general's "decision with respect to an award of attorney's fees is final." R.C. 2743.65(C)(2).

{¶ 25} Given the statutory provisions, the attorney general appropriately asserts that had the General Assembly intended to allow a right to appeal decisions regarding awards of attorney fees, it would have so stated in S.B. 153. See, e.g., *State v. Nucklos*, 121 Ohio St.3d 332, 2009-Ohio-792, 904 N.E.2d 512, ¶ 18 (observing that had the General Assembly intended something to be an affirmative defense, "it could have stated" as much in the statute, and when it did not so state, that intention is lacking); *Bellemar Parts Industries, Inc. v. Tracy* (2000), 88 Ohio St.3d 351, 355, 725 N.E.2d 1132 (stating that had the General Assembly intended to exempt certain entities from sales tax, the General Assembly "could have stated as much," but "[w]ithout some expression of this intent by the General Assembly, we cannot justify rewriting the language of [the statute] to conform" to the proposed interpretation). Because the act does not provide an appeal from the attorney general's decisions on attorney fees, we may not read such a right into the statute. See *United Tel. Credit Union v. Roberts*, 115 Ohio St.3d 464, 2007-Ohio-5247, 875 N.E.2d 927, ¶ 9, citing *United Transp. Union Ins. Assn. v. Tracy* (1998), 82 Ohio St.3d 333, 338, 695 N.E.2d 770, (Lundberg Stratton, J., dissenting); *State v. Craig*, 116 Ohio St.3d 135, 2007-Ohio-5752, 876 N.E.2d 957, ¶ 14 (noting that in interpreting a statute, courts can neither ignore the plain and unambiguous language of the statute nor insert words or phrases into the statute that the General Assembly did not place there).

{¶ 26} The Court of Claims nonetheless contends that the General Assembly intended to confer such power on the Court of Claims. To support its interpretation of the statutory scheme, the Court of Claims notes R.C. 2743.51(A)(1)(d), which states that for purposes of R.C. 2743.51 to 2743.72 a "claimant" includes "[a] person who is authorized to act on behalf of" a victim of a crime in seeking reparations. Since R.C. 2743.61 undisputedly and expressly grants the Court of Claims jurisdiction to hear appeals from decisions regarding the reparations

claims of victims of crime, or claimants, the Court of Claims contends that attorneys representing crime-reparations victims, claimants under R.C. 2943.51(A)(1)(d), also are claimants for purposes of determining the Court of Claims' jurisdiction over the attorney fees the attorney general awards them.

{¶ 27} Were a separate section of the statute not devoted entirely to awards of attorney fees, the Court of Claims' argument would be more persuasive. R.C. 2743.65, however, expressly addresses awards of attorney fees and draws a distinction between "the attorney representing a claimant under sections 2743.51 to 2743.72 of the Revised Code" and the actual "claimant." R.C. 2743.65(A). Because the legislation uses different language to describe the claimant and the attorney representing the claimant in the only section devoted specifically to attorney fees, the rules of statutory construction dictate the conclusion that the legislature did not intend the definition of "claimant" in R.C. 2743.51 to include attorneys representing claimants under R.C. 2743.65. See, e.g., *State ex rel. Fink v. Registrar, Ohio Bur. of Motor Vehicles* (Sept. 14, 1998), 12th Dist No. CA98–02–021, 1998 WL 634707 ("When certain language is used in one statute and wholly different language in another, 'it will * * * be presumed that different results were intended'"), quoting *Metro. Securities Co. v. Warren State Bank* (1927), 117 Ohio St. 69, 76, 158 N.E. 81. See also *State v. McDonald,* 4th Dist. No. 04CA2806, 2005-Ohio-3503, 2005 WL 1595258, ¶ 14 (finding that "[h]ad the legislature desired to require courts sentencing misdemeanants to use the same procedure and give the same notices as felony courts, it presumably would have used the same language," but instead, "it used different language to create different notice requirements"); *State v. Carder,* 8th Dist. No. 83801, 2004-Ohio-5598, 2004 WL 2366209, ¶ 29 ("we must presume from its use of different language that the Legislature intended a difference between" two separate findings for purposes of sentencing).

{¶ 28} The Court of Claims also relies on R.C. 2743.53, which states not only that "[a] court of claims panel of commissioners shall hear and determine all matters relating to appeals from decisions of the attorney general pursuant to sections 2743.51 to 2743.72 of the Revised Code" but also that "[a] judge of the court of claims shall hear and determine all matters relating to appeals from decisions or orders of a panel of commissioners of the court of claims." R.C. 2743.53(A) and (B). Because the statutory range listed in both R.C. 2743.51 and 2743.53 includes R.C. 2743.65, the section devoted specifically to attorney fees, the Court of Claims contends that the attorney general's attorney-fee determinations fall within the jurisdiction that the legislation grants to the Court of Claims.

{¶ 29} The Court of Claims in essence asserts that through the language used in R.C. 2743.53, the General Assembly impliedly granted authority to the Court of Claims to hear appeals from awards of attorney fees. A grant of

statutory power "may be express or implied, but the implied power is limited to that which is reasonably necessary to make the express power effective." *Ohio Fresh Eggs, L.L.C. v. Boggs*, 183 Ohio App.3d 511, 2009-Ohio-3551, 917 N.E.2d 833, ¶ 28, citing *D.A.B.E., Inc. v. Toledo–Lucas Cty. Bd. of Health*, 96 Ohio St.3d 250, 2002-Ohio-4172, 773 N.E.2d 536, ¶ 39 ("In short, the implied power is only incidental or ancillary to an express power, and, if there be no express grant, it follows, as a matter of course, that there can be no implied grant"). The Court of Claims points to no express grant of authority on which to tack the implied authority it perceives in R.C. 2743.53. Rather, R.C. 2743.53 appears to allow the Court of Claims to address all matters related to an appeal that is properly appealed to the Court of Claims under the act.

{¶ 30} Further undermining the Court of Claims' contention regarding both R.C. 2743.51 and 2743.53 is the principle that when courts construe authority that a legislative body has granted, "the intention of that grant of power, as well as the extent of the grant, must be clear and if there is doubt, that doubt must be resolved against the grant of power." *Ohio Fresh Eggs* at ¶ 29, citing *D.A.B.E.* at ¶ 40. Here, no express provision within the act grants the Court of Claims the authority to review the attorney general's awards of attorney fees, so doubt must be resolved against the grant of power that the Court of Claims asserts.

{¶ 31} Instead, the more specific language of R.C. 2743.65 controls over the more general language in R.C. 2743.51 and 2743.53, especially since nothing in the act supports the Court of Claims' contention that the legislature intended the attorneys who represent such claimants to have, contrary to the express provisions of R.C. 2743.65, the same appeal rights as the crime victims. See *Simmons v. Ohio Rehab. Serv. Comm.*, 10th Dist. No. 09AP–1034, 2010-Ohio-1590, 2010 WL 1408236, ¶ 4 (noting the "canon of statutory construction providing that when there is an apparent conflict between a specific statutory provision and a more general one, the more specific one governs"), citing *U.S. v. Perry* (C.A.6, 2004), 360 F.3d 519, 535; and *State v. Aspell* (1967), 10 Ohio St.2d 1, 4, 39 O.O.2d 1, 225 N.E.2d 226.

{¶ 32} Even though R.C. 2743.65 does not allow appeals from the attorney general's decisions regarding attorney fees, and no other section of the act provides for such review, that conclusion does not compel a different interpretation of the statute. Unless or until the legislature amends the statute to provide for appeals from the attorney general's attorney-fee awards, the "remedy for overcoming that inequity [is] to file a writ of mandamus with the court of common pleas." *Ohio Fresh Eggs*, 183 Ohio App.3d 511, 2009-Ohio-3551, 917 N.E.2d 833, at ¶ 32.

{¶ 33} In the final analysis, the act provides no authority for the Court of Claims to review the attorney general's award or denial of attorney fees under

the act. The magistrate thus wrongly concluded that the act grants the Court of Claims jurisdiction over such appeals. The attorney general's second objection is sustained.

D. Third Objection—Purported Concession of Court of Claims' Jurisdiction

{¶ 34} The attorney general's third objection contends that the magistrate erred as a matter of fact and law to the extent she determined that the attorney general conceded not only that "determinations regarding attorney's fees and costs are matters 'relating to' claims for reparations" but that, in effect, the Court of Claims has jurisdiction to hear attorney-fees appeals in reparations cases.

{¶ 35} The attorney general asserts that the only source for the purported "concession" is the opinion that the commissioner panel issued in *Fletcher*, which misinterpreted an assistant attorney general's remarks at the hearing the commissioners held. See *Fletcher* (Feb. 9, 2009) at 6. According to the attorney general, no direct evidence, such as a transcript or affidavit, indicates the purported statement or concession ever occurred. The attorney general further asserts that even if an assistant attorney general in effect had conceded that the Court of Claims has jurisdiction, any such concession lacks legal significance. As the attorney general explains, neither he nor an assistant attorney general can concede that the Court of Claims has jurisdiction to review the attorney general's decisions regarding attorney-fee applications filed under R.C. 2743.65 when the legislation does not grant the court such authority.

{¶ 36} Initially, even if we assume that an assistant attorney general stated that determinations regarding attorney fees and costs are matters "relating to" claims for reparations, the statement cannot confer jurisdiction on the Court of Claims to review the attorney general's attorney-fee decisions in reparations cases. As a court of limited jurisdiction, the Court of Claims has only such authority as is granted by statute. "[W]here jurisdiction is dependent upon a statutory grant, [parties and] courts are without authority to create jurisdiction when the statutory language does not. Only the General Assembly can do that." *Ohio Fresh Eggs*, 183 Ohio App.3d 511, 2009-Ohio-3551, 917 N.E.2d 833, at ¶ 20, citing *Waltco Truck Equip. Co. v. Tallmadge Bd. of Zoning Appeals* (1988), 40 Ohio St.3d 41, 43, 531 N.E.2d 685. As a result, a party cannot, by acquiescence or consent, confer subject-matter jurisdiction upon a court when it does not otherwise exist. *State v. Mitchell*, 187 Ohio App.3d 315, 2010-Ohio-1766, 931 N.E.2d 1157, ¶ 14; *Beatrice Foods Co. v. Porterfield* (1972), 30 Ohio St.2d 50, 59 O.O.2d 76, 282 N.E.2d 355, paragraph two of the syllabus; *Jones*, 84 Ohio St.3d 70, 701 N.E.2d 1002. Accordingly, as a matter of law, the attorney general could not "concede" that the Court of Claims has jurisdiction over a subject matter,

such as attorney fees in reparations cases, unless such jurisdiction exists pursuant to statutory grant.

{¶ 37} The Court of Claims' jurisdiction is dependent upon a statutory grant, and neither the act nor any other statute grants that court authority to hear appeals from the attorney general's decisions on attorney-fee applications in reparations cases. Accordingly, the magistrate erred to the extent that she relied upon a purported statement or "concession" of an assistant attorney general to support a conclusion that the Court of Claims either has jurisdiction, or does not patently and unambiguously lack jurisdiction, to hear attorney-fees appeals in reparations cases. The attorney general's third objection is sustained.

E. Fourth Objection—Attorney Fees Appeals since July 2000

{¶ 38} In his fourth and final objection, the attorney general contends that the magistrate erred in finding that "[s]ince the statutory amendments went into effect in 2000, the Court [of Claims] has considered numerous appeals from decisions of the attorney general regarding awards of attorney's fees" in reparations cases.

{¶ 39} The attorney general notes that neither the Court of Claims nor this court's magistrate cites evidence or citation that identifies any case, other than *Fletcher*, in which the Court of Claims exercised jurisdiction over an attorney-fee award in a reparations case after the July 2000 amendments to R.C. Chapter 2743. The attorney general further contends that even if the Court of Claims had heard an attorney-fee appeal based upon the act's July 2000 amendments, the court improperly exercised jurisdiction because (1) the statutory amendments do not grant the Court of Claims jurisdiction to hear appeals from the attorney general's decisions regarding awards of attorney fees in reparations cases, and (2) any long-term practice of the Court of Claims of hearing such appeals would not accord it jurisdiction to do so, absent a specific statutory grant of authority.

{¶ 40} Not the record, research, or the Court of Claims identifies any case, other than *Fletcher*, in which the Court of Claims entertained an appeal from or reviewed a decision of the attorney general regarding an award of attorney fees pursuant to an application filed under R.C. 2743.65 after the July 2000 amendments. Thus, we sustain the attorney general's fourth and final objection.

## VI. Conclusion

{¶ 41} Following independent review pursuant to Civ.R. 53, we reject the magistrate's decision to the extent that it is inconsistent with this court's decision. For the reasons set forth in this decision, we issue writs of mandamus and prohibition ordering the Court of Claims (1) to vacate its orders in *Fletcher*, which considered and decided Carney–DeBord's appeal from the attorney gener-

al's final decision on Carney–DeBord's requests for attorney fees under R.C. 2743.65, (2) to dismiss that appeal because the Court of Claims lacked jurisdiction over the subject matter, and (3) to refrain from exercising jurisdiction to hear appeals from or review the attorney general's decisions on attorney-fee applications filed under R.C. 2743.65 and to dismiss any appeals on that subject matter that are currently pending or which may be filed in the future in the Court of Claims. The attorney general's motion for summary judgment is granted, and the Court of Claims' motion to dismiss is denied.

<div align="right">

Objections sustained,
writs granted,
motion for summary judgment granted,
and motion to dismiss denied.

</div>

SADLER and CONNOR, JJ., concur.

## APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio ex rel. Richard Cordray,

v.

Court of Claims of Ohio.

No. 09AP–863

(REGULAR CALENDAR)

MAGISTRATE'S DECISION

Rendered on January 25, 2010

Richard Cordray, Attorney General, Elise Porter, and Susan E. Ashbrook, Assistant Attorneys General, for relator.

Chester, Willcox & Saxbe, L.L.P., Charles R. Saxbe, and Elizabeth J. Watters, Special Counsel to the Attorney General, for respondent.

IN MANDAMUS AND PROHIBITION

ON RESPONDENT'S MOTION TO DISMISS

AND

RELATOR'S MOTION FOR SUMMARY JUDGMENT

{¶ 42} Relator, Ohio Attorney General Richard Cordray, has filed this original action against respondent, Court of Claims of Ohio, asserting that the court lacks jurisdiction to hear or review issues regarding attorney's fees relating to the attorney's representation of applicants for reparations awards under the Victim of Crime Act under Chapter R.C. 2743. The attorney general requests a writ of mandamus ordering the court to vacate its order in which the court found that it did have jurisdiction to hear an appeal from an order of the attorney general determining attorney's fees in *In re Fletcher* (July 2, 2009), Ct.Cl. No. V2006–20836. The attorney general also seeks a writ of prohibition ordering the court to refrain from reviewing and hearing several other cases currently pending before the court, all of which are appeals from orders of the attorney general regarding attorney's fees under R.C. Chapter 2743.

Findings of Fact:

{¶ 43} 1. On May 22, 2007, attorney Jack Carney–DeBord submitted a fee application to the attorney general requesting $1,485.75 for assisting Joseph Fletcher in the processing of his compensation application through the law allowing reparations to victims of crime. On October 23, 2007, Carney–DeBord submitted a second invoice to the attorney general requesting $78 for additional work on the claim.

{¶ 44} 2. The attorney general awarded Carney–DeBord $1020, which represents the maximum fee allowed for claims appealed to the panel of commissioners.

{¶ 45} 3. Carney–DeBord filed a request for reconsideration with the attorney general regarding the amount of attorney's fees awarded.

{¶ 46} 4. The attorney general issued a final decision regarding the attorney's fees issue and denied Carney–DeBord's request for reconsideration on June 16, 2008.

{¶ 47} 5. Carney–DeBord filed a notice of appeal with the court contending that his request for an additional $78 should be awarded.

{¶ 48} 6. The attorney general moved to dismiss the appeal, arguing that the court lacked jurisdiction to hear appeals related to attorney-fee applications under R.C. 2743.65(C)(2).

{¶ 49} 7. A three-member commissioner panel upheld the attorney general's decision regarding the award of attorney's fees payable to Carney–DeBord. In upholding the attorney general's decision, the commissioners also found that the court had jurisdiction to hear the action and denied the attorney general's motion to dismiss. The panel considered the attorney general's arguments and concluded that R.C. 2743.53(A) and 2743.55(A), as amended in July 2000, provide the authority for the court's jurisdiction to hear appeals from decisions of the attorney general regarding awards of attorney's fees in reparation actions.

{¶ 50} 8. The attorney general appealed, and the matter was heard before Judge Clark B. Weaver Sr. Judge Weaver affirmed the decision from the panel of commissioners, including the decision regarding jurisdiction. In his decision, Judge Weaver specifically stated:

Applicant's counsel asserts that R.C. 2743.65(C) conflicts with language contained in R.C. 2743.53(A) and R.C. 2743.55(A).

R.C. 2743.53(A) states:

"A court of claims panel of commissioners shall hear and determine *all matters relating to appeals from decisions of the attorney general* pursuant to sections 2743.51 to 2743.72 of the Revised Code. The attorney general, a court of claims panel of commissioners, or a judge of the court of claims may order law enforcement officers to provide copies of any information or data gathered in the investigation of the criminally injurious conduct that is the basis of any claim to enable the attorney general, a court of claims panel of commissioners, or a judge of the court of claims to determine whether, and the extent to which, a claimant qualifies for an award of reparations." (Emphasis added.)

{¶ 51} R.C. 2743.55(A) states:

"The attorney general, a court of claims panel of commissioners, or a judge of the court of claims shall determine *all matters relating to claims for an award of reparations.*" (Emphasis added.)

\* \* \*

Both R.C. 2743.53(A) and 2743.55(A) refer to the panel's authority to determine an applicant's claim for an award of reparations. At the hearing before the panel of commissioners, the Attorney General conceded that a determination regarding attorney's fees and costs are matters "relating to" a claim for reparations. Reading R.C. 2743.53(A) and 2743.55(A) in pari materia with R.C. 2743.65(C), the court finds that no conflict exists between the statutes.

\* \* \* Consequently, the court finds that pursuant to R.C. 2743.53(A) and 2743.55(A), the panel has the authority to hear an appeal from the Attorney General's final decision concerning an award of attorney's fees.

*Fletcher* at 5–6.

{¶ 52} 9. The attorney general filed a motion for reconsideration; however, the court denied the motion on grounds that the Victims of Crime Act does not provide for motions for reconsideration.

{¶ 53} 10. Thereafter, the attorney general filed the instant complaint arguing that the court patently and unambiguously lacks jurisdiction to hear or review an award of attorney's fees under R.C. 2743.52, 2743.53, 2743.55, 2743.61, and 2743.65.

{¶ 54} 11. The court filed a motion to dismiss, and the attorney general filed a motion for summary judgment.

{¶ 55} 12. The matter is currently before the magistrate on these motions.

Conclusions of Law:

{¶ 56} For the reasons that follow, it is this magistrate's decision that this court should grant respondent's motion to dismiss and deny the attorney general's motion for summary judgment.

{¶ 57} As above noted, the attorney general is asking this court to interpret provisions of R.C. Chapter 2743 and conclude that the court did not have jurisdiction to consider an appeal from the attorney general's decision regarding attorney's fees. The magistrate agrees with the court's argument that the attorney general's action is actually one for declaratory judgment and that neither mandamus nor prohibition are appropriate. Second, even if this court were to consider the various provisions of R.C. Chapter 2743, it is this magistrate's decision that the attorney general has not demonstrated that the court patently and unambiguously lacks jurisdiction over these appeals and that the court exercised its jurisdiction appropriately.

{¶ 58} The first argument that the court raises is that the attorney general's action is one actually seeking declaratory judgment. Consequently, the court argues that both mandamus and prohibition are inappropriate. For the reasons that follow, this magistrate agrees.

{¶ 59} The disagreement in the present case concerns the interpretation of certain statutes. The attorney general argues that based on these statutes, the court does not have jurisdiction to review and hear appeals from decisions by the attorney general concerning attorney's fees under R.C. 2743.51 to 2743.72. In contrast, the court argues that the statutes at issue confer jurisdiction on the

court to review and hear appeals from decisions of the attorney general concerning awards of attorney's fees and actions brought under R.C. 2743.51 to 2743.72.

{¶ 60} Pursuant to the Declaratory Judgment Act, "any person whose rights * * * are affected by a * * * statute, * * * may have determined any question of construction or validity arising under the * * * statute, * * * and obtain a declaration of rights, status, or other legal relations under it." R.C. 2721.03. In a declaratory-judgment action, a real and justiciable controversy exists between the parties. *Burger Brewing Co. v. Liquor Control Comm.* (1973), 34 Ohio St.2d 93[,63 O.O.2d 149, 296 N.E.2d 261].

{¶ 61} It appears to the magistrate that this is indeed a declaratory-judgment action over which this court does not have jurisdiction.

{¶ 62} Should this court disagree, the magistrate finds that neither mandamus nor prohibition is appropriate, and judgment in the court's favor should be granted.

{¶ 63} The Supreme Court of Ohio has set forth three requirements that must be met in establishing a right to a writ of mandamus: (1) relator has a clear legal right to the relief prayed for, (2) respondent is under a clear legal duty to perform the act requested, and (3) relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle* (1983), 6 Ohio St.3d 28[, 6 OBR 50, 451 N.E.2d 225].

{¶ 64} It is important to set forth the various provisions of R.C. Chapter 2743 that are applicable here.

{¶ 65} R.C. 2743.01 provides the following relevant definitions:

(C) "Claim for an award of reparations" or "claim" means a claim for an award of reparations made under sections 2743.51 to 2743.72 of the Revised Code.

(D) "Award of reparations" or "award" means an award made under sections 2743.51 to 2743.72 of the Revised Code.

{¶ 66} R.C. 2743.121 provides:

(A) A panel of court of claims commissioners shall render its decisions as to claims for an award of reparations in writing and shall include separate findings of fact and any conclusions of law that are necessary. * * *

(B) A judge of the court of claims shall render the judge's decisions as to appeals from decisions of a panel of court of claims commissioners in writing and shall include a separate finding for each issue contested upon appeal. * * *

{¶ 67} R.C. 2743.191 provides:

(A)(1) There is hereby created in the state treasury the reparations fund, which shall be used only for the following purposes:

(a) The payment of awards of reparations that are granted by the attorney general.

* * *

(C) The attorney general shall not make payment on a decision or order granting an award until all appeals have been determined and all rights to appeal exhausted, except as otherwise provided in this section.

{¶ 68} R.C. 2743.52 provides:

(A) The attorney general shall make awards of reparations for economic loss arising from criminally injurious conduct * * *.

(B) A court of claims panel of commissioners or a judge of the court of claims has appellate jurisdiction to order awards of reparations for economic loss arising from criminally injurious conduct * * *.

{¶ 69} R.C. 2743.53 provides:

(A) A court of claims panel of commissioners shall hear and determine all matters relating to appeals from decisions of the attorney general pursuant to sections 2743.51 to 2743.72 of the Revised Code.

(B) A judge of the court of claims shall hear and determine all matters relating to appeals from decisions or orders of a panel of commissioners of the court of claims.

{¶ 70} R.C. 2743.55 provides:

(A) The attorney general, a court of claims panel of commissioners, or a judge of the court of claims shall determine all matters relating to claims for an award of reparations.

{¶ 71} R.C. 2743.56 provides:

(A) A claim for an award of reparations shall be commenced by filing an application for an award of reparations with the attorney general.

{¶ 72} R.C. 2743.61 provides:

(A) The attorney general, on the attorney general's own motion or upon request of claimant or victim, may reconsider a decision to make an award of reparations, the amount of an award of reparations, or a decision to deny a claim for an award of reparations. A claimant may file a request for reconsideration with the attorney general not later than thirty days after the attorney general renders an initial decision. * * *

The attorney general shall reconsider the application based upon evidence that is relevant to the application and issue a final decision within sixty days of receiving the request for reconsideration. * * *

* * *

(B) A claimant may appeal an award of reparations, the amount of an award of reparations, or the denial of a claim for an award of reparations that is made by a final decision of the attorney general after any reconsideration. If the final decision of the attorney general with respect to any claim for an award of reparations is appealed, a court of claims panel of commissioners, within ninety days of receiving the notice of appeal, shall schedule and conduct a hearing on the appeal. * * * If upon hearing and consideration of the record and evidence, the court of claims panel of commissioners decides that the decision of the attorney general appealed from is reasonable and lawful, it shall affirm the same. If the court of claims panel of commissioners decides that the decision of the attorney general is not supported by a preponderance of the evidence or is unreasonable or unlawful, it shall reverse and vacate the decision or modify it and enter judgment thereon.

(C) The attorney general or a claimant may appeal an award of reparations, the amount of an award of reparations, or the denial of a claim for an award of reparations that is made by a panel of court of claims commissioners. If the determination of the panel of commissioners with respect to any claim for an award of reparations is appealed, a judge of the court of claims shall hear and determine the appeal. * * * The decision of the judge of the court of claims is final.

{¶ 73} R.C. 2743.65 provides:

(A) The attorney general shall determine, and the state shall pay, in accordance with this section attorney's fees, commensurate with services rendered, to the attorney representing a claimant under sections 2743.51 to 2743.72 of the Revised Code. * * * Attorney's fees paid pursuant to this section are subject to the following maximum amounts:

* * *

(2) A maximum of one thousand twenty dollars for claims in which an appeal to the panel of commissioners is filed * * *.

{¶ 74} Nothing in the above statutory provisions affirmatively grants or denies the court jurisdiction to hear appeals from awards of attorney's fees made by the attorney general. However, it is clear that the court has jurisdiction to determine issues "relating to" claims for reparations. The attorney general has

conceded that determinations regarding attorney's fees and costs are matters "relating to" claims for reparations. The magistrate agrees with the court's finding that when reading R.C. 2743.53(A) and 2743.55(A) in pari materia with R.C. 2743.65(C), there is no conflict in the statutes. Thus, the attorney general does not have a clear legal right to a writ of mandamus ordering the court to determine that it does not have jurisdiction over these appeals. Further, inasmuch as this magistrate finds that the attorney general lacks a clear legal right to have the court determine that it lacks jurisdiction over these matters, a writ of prohibition ordering the court to refrain from reviewing and hearing pending cases relating to attorney's fees is inappropriate.

{¶ 75} The attorney general cannot demonstrate a clear legal right in this case. The simple fact that there is disagreement between the parties exemplifies this conclusion. Since the statutory amendments went into effect in 2000, the court has considered numerous appeals from decisions of the attorney general regarding awards of attorney's fees. The court has been exercising its jurisdiction to hear those appeals. Now, the attorney general wants to argue that the court lacks jurisdiction to hear these appeals. Mandamus is not appropriate here, and neither is prohibition. In reality, the attorney general seeks a declaratory judgment and an injunction. When the allegations of a complaint for a writ of mandamus indicate that the real object sought is a declaratory judgment and a prohibitory injunction, the complaint does not state a cause of action in mandamus and must be dismissed. *State ex rel. Grendell v. Davidson* (1999), 86 Ohio St.3d 629[, 716 N.E.2d 704].

{¶ 76} Accordingly, it is this magistrate's decision that the attorney general is not entitled to either a writ of mandamus or a writ of prohibition. The attorney general's motion for summary judgment should be denied, and the court's motion to dismiss should be granted.